■ In the Matter of the Claim of ABRAHAM GOODWIN, Respondent, v. NEW YORK STATE WORKMEN'S COMPENSATION BOARD et al., Appellants, and SPECIAL DISABILITY FUND, Appellant, WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its carrier and the Special Disability Fund from a decision and award of the Workmen's Compensation Board. The main issue is whether the claimant sustained an industrial accident. The claimant was a Referee for the State Workmen's Compensation Board. On December 22, 1960, he suffered a stroke which left him partially paralyzed. He had a prior history of ulcers and hypertension. On the evening of December 21, 1960, he partook of some eggnog at a social function and suffered during the night from illness accompanied by nausea. However, the claimant's wife testified that the claimant said he felt fine the next morning and that he was not ill when he left for work. The claimant's calendar contained 20 to 25 cases and was designed to permit disposition during a period commencing at about 9:30 and ending at noon. Prior to 11 o'clock the claimant was subjected to an emotional episode lasting for about 20 minutes with a woman who refused to accept his statement that a medical report indicating causation was required and who insisted upon his reading a mass of papers which did not contain the required statement. The discussion was heated, the woman spoke in a loud tone of voice and at the end of the colloquy was crying. The situation of emotional tension may alone have been insufficient to be regarded as causative of an industrial accident (*Matter of Cramer* v. *Barney's Clothing Store*, 15 A D 2d 329, affd. 13 N Y 2d 711; *Santacroce* v. *40 W. 20th St.*, 9 A D 2d 985, affd. 10 N Y 2d 855). But the claimant, in addition to disposing of his regular calendar, had been assigned by a supervising Referee to take over the calendar of another Referee at 11 o'clock of the morning in question in addition to maintaining his own calendar. To keep both calendars proceeding the claimant walked "fast" from one hearing room to the other, a distance of about a city block, on four separate occasions. The episode with the unreasonable claimant combined with claimant's being required to manage two calendars and with the physical activity required by such management imposed an

exceptional strain on the claimant and constituted substantial evidence of an accident as the result of the combination of physical and mental exertion. In *Matter of Coleman* v. *Guide-Kalkhoff-Burr* (12 A D 2d 554, affd. 10 N Y 2d 857) and similar cases there was present only the emotional stress of heated arguments accompanied neither by unusual physical activity nor by pressure of required additional abnormal work activity. The increased work of managing two calendars, with its attendant required physical stress of hurrying from one hearing room to another and with its attendant emotional stress on which was superimposed the claimant's pre-existing disturbed state of anxiety arising from the prolonged harassment, constituted, we think, "unusual or excessive strain" in the course of the claimant's duties (cf. *Matter of Schechter* v. *State Ins. Fund,* 6 N Y 2d 506). At least the board might reasonably so find. As not unusual there was some conflict in the medical testimony but this conflict the board was entitled to resolve as it did and the evidence accepted by the board was not lacking in substantiality. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Aulisi and Hamm, JJ., concur; Reynolds, J., dissents and votes to reverse in the following memorandum, in which Taylor, J., concur: In our view claimant did not sustain an accident within the meaning of the Workmen's Compensation Law. The board found that claimant, a Workmen's Compensation Referee, had an argument with a claimant, a Mrs. Pines, and hurried back and forth between two hearing rooms located in the same building and that these incidents on December 22, 1960 constituted an industrial accident. The night before, December 21, 1960, claimant attended an eggnog party which he thought caused him to vomit in the early morning of December 22. On December 22 the Referees were scheduled only in the morning. A contention is made that his work was more strenuous because he also sat in some cases of another Referee who left early to catch a train to Florida. His calendar opened at 9:30 but at 9:45 or 10 o'clock on this busy morning we find him having coffee in the building's coffee shop. It is contended that the claimant became emotionally upset because of a discussion with a Mrs. Pines, but there is not the slightest suggestion in the record that claimant was unduly upset or excited although apparently Mrs. Pines could have been. No one testified that claimant was emotionally upset except his attorney in the leading question, to wit: "Q. But you do remember that you became emotionally upset because of this lady? A. Yes." All the other evidence is to the contrary. Surely a compensation Referee must often engage in similar discussions which leave him annoyed, impatient or irritable. This case although much weaker falls within the rules where compensation has been denied. (*Matter of Cramer* v. *Barney's Clothing Store,* 15 A D 2d 329, affd. 13 N Y 2d 711; *Matter of Santacroce* v. *40 W. 20th St.,* 9 A D 985, affd. 10 N Y 2d 855.) In *Cramer* the claimant suffered a heart attack after a 20-minute argument with a manager over his pay check. Apparently he often had an argument over the same matter. In *Santacroce* the claimant had a 10-minute argument with his superintendent over his ability to operate an elevator. In both instances, this court reversed the award and decision of the board and in each instance the cases were affirmed by the Court of Appeals. Our court used identical language in the cases and said that the episodes did not constitute accidents as they neither involved nor induced "'emotional strain or tension greater than the countless differences and irritations to which all workers are occasionally subjected without untoward result'" nor were the episodes "'so "exceptional" as to meet the test imposed by *Matter of Schechter* v. *State Ins. Fund* (6 N Y 2d 506, 510)'". This is not a *Schechter* case (*supra*), nor a *Klimas* case (*Matter of Klimas* v. *Trans Caribbean Airways,*

10 N Y 2d 209). The physical activity of the day consisted in walking inside the building. The physical effort of walking is common to everyone, not only in his employment but in his every-day activity. It was usual to this claimant. There is no contention that he was compelled even to climb any steps or stairs. In sum the claimant sustained his stroke after episodes that were normal incidents of his employment and do not constitute an industrial accident. The decision and award should be reversed and the claim dismissed.