■ In the Matter of the Claim of MARTHA JACKSON, Respondent, v. AARLIN REALTY CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from awards for disability and death grounded upon the board's findings that "on April 25, 1959 decedent struck his back on a protruding faucet at the site of a pre-existing malignant melanoma and that the trauma aggravated and hastened the progression of the pre-existing melanoma and culminated in death"; appellants contending (1) that the evidence of the alleged accidental injury of April 25, 1959 "is so patently self-contradictory and questionable, and so inherently incredible, as to require reversal as a matter of law"; and (2) that the medical evidence of causal relation is "speculative and conjectural" and thus does not constitute substantial evidence. The accidental injury described and found was the laceration of a nevus, also referred to in the record as a birthmark and a mole, and appellants' attack upon the proof thereof is based on contradictions or confusion as to the date of the incident; but the board, in the exercise of its long-established prerogative to determine credibility and conflicts of proof, was amply warranted in resolving the issue as it did, and, indeed, the testimony of decedent as to the date which the board accepted was strongly fortified by other evidence, including the report and the testimony of the appellant employer's president. The board's finding of causal relationship was also based on substantial evidence and we are without authority to disturb it. Decedent's surgeon was of opinion that the trauma described caused the mole which decedent had had since birth "to change and become malignant" with subsequent metastasis to a number of vital organs, and resultant death. A specialist in cancer surgery, on the basis of his examination of the medical evidence in the case and in response to a hypothetical question, found causal relation under either of the two alternatives which were, in his opinion, presented by the evidence, his testimony being: "If he had a nevus, it was my opinion that the accident of April 1959 triggered off a mechanism which induced that nevus to undergo malignant transformation. If this lesion in April 1959 was a melanoma, which is conceivable from the data available, the accident contributed to the dissemination of the melanoma cells." The board accepted the

second alternative, thus rejecting the theory of a malignant transformation which the witness admitted as the other possibility and which was that to which the operating surgeon subscribed. Appellants attack the opinion as dependent upon "discrepancies" in the hypotheses propounded to the doctor but point to only one, "notably that the cut in the mole * * * remained unhealed". This assumption, while apparently not necessary to the witness' conclusion, was, in any event, supported by both medical and lay evidence. Appellants contend, further, that when accepting the theory of aggravation, the board had no evidence before it of a malignancy prior to the accident; but this argument overlooks the testimony of appellants' own experts, each of whom, while denying causality, considered that a malignant tumor pre-existed the trauma. The board was, of course, entitled to accept this evidence of a pre-existing condition in conjunction with the opinion of claimant's consultant as to its aggravation, and "was not required to accept or reject the whole of each medical opinion." (*Matter of Zoller* v. *Barnard, Porter, Remington & Fowler*, 1 A D 2d 721.) Appellants quote and rely on *Matter of Miller* v. *National Cabinet Co.* (8 N Y 2d 277), which is in no way in point, but it does so happen that the evidence which the board accepted in the case before us is entirely consistent with the observation in *Miller* (*supra*, pp. 285–286), that "The cancer decisions in the courts where recovery has been allowed have dealt almost entirely with trauma, and there only in instances where the trauma occurred in the spot in the body where the pre-existing cancer was and the symptoms of its aggravation were immediately apparent". To conclude, this record presents no more than a conflict of medical opinion evidence which was resolved in the "exercise of fact-finding power which is entirely within the province of the Board". (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529, 532.) Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.