■ In the Matter of the Claim of EDITH SPEREGON, Respondent, v. DOWN-TOWN DELICATESSEN, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HAMM, J. Appeal by employer and carrier from a decision of the Workmen's Compensation Board awarding death benefits. There

was substantial evidence that the decedent, while engaged in his employment, injured his head in a fall on June 7, 1960. Besides corroborating evidence as to the accident the testimony of the decedent himself was received and his credibility of course was for the board to evaluate. The board found that "as a result of the trauma to the head, pre-existent brain tumor was aggravated and accelerated and resulted in death." The medical testimony, as we had occasion to observe in *Matter of Lefkowitz* v. *Silverstein* (11 A D 2d 841), disclosed the usual difference of medical opinion as to whether trauma can cause or aggravate cancer. The decedent's operating surgeon denied causal relationship. The appellants produced three other physicians who also testified against causal relationship. On the other hand the claimant's expert witness testified that the tumor was produced by the trauma or was "impaired and aggravated and completely changed due to the traumatic episode", causing the decedent's death. This medical witness had examined the decedent in his lifetime and was familiar with the decedent's condition of health prior to the accident as related to him by the decedent. He had also examined the hospital records and the surgical report. As there were conflicting expert opinions which were based on the same facts, the selection of either was within the fact-finding power of the board and its choice on this record is beyond our power to disturb (*Matter of Olsen* v. *Underhill Constr. Corp.*, 20 A D 2d 601, mot. for lv. to app. den. 14 N Y 2d 482; *Matter of Adamski* v. *New York State Workmen's Compensation Bd.*, 21 A D 2d 715). Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.