◼ In the Matter of the Claim of LEO FLANAGAN, Respondent, v. STELLA D'ORO BISCUIT COMPANY et al., Appellants, and STELLA D'ORO BISCUIT COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— HAMM, J. Appeal from a decision of the board reversing a Referee's decision which denied an award to the claimant and from a decision of the board which affirmed a subsequent Referee's decision making an award. On December 18, 1957, the claimant while employed by Stella O'Oro Biscuit Company, sustained an industrial accident in an automobile collision. The carrier at that time was the appellant Insurance Company of North America. On January 16, 1958, the claimant was involved in a nonindustrial automobile collision. On May 5,

1959, while working for the same employer, he was involved in a third and industrial automobile collision. The carrier was the respondent Zurich Insurance Company. On August 19, 1960, a meningioma, a very slow-growing tumor, was removed from the claimant's dorsal spine. Following surgery the claimant became paraplegic and unable to use the lower portion of his body. The appellants concede in their brief that there is no doubt "that the disability \* : \* has been the result of the tumor and its sequellae, including the operation." The operating surgeon testified to causal relationship between the accident of December 18, 1957, and aggravation or acceleration of the tumor but also stated that he "would discount the accident of 1958 and 1959", giving his reasons. It was the opinion of the appellants' medical specialist that even direct trauma would not cause tumors like meningiomas to grow more rapidly (cf. *Matter of Lefkowitz* v. *Silverstein*, 11 A D 2d 841). The Referee found no causal relationship between the tumor and either industial accident. The claimant requested review of the Referee's decision "that the meningioma was not activated, accelerated or precipitated by the accident of 1957, closing the case with a finding of no further causally related disability." The board conducted a hearing in which the appellants participated, rescinded the Referee's decision without prejudice and arranged for the appointment of an impartial specialist. The appellants now state that the impartial specialist "implicated all the accidents", that they wrote to the board requesting an opportunity to submit new argument and that the board did not grant their request. The appellants, however, have not chosen to print the letter in the record and consequently there is no basis for considering whether the board was arbitrary in not granting an additional hearing. Thereafter the board made the first decision appealed from, which reversed the decision of the Referee and restored the case to the Referee Calendar "for proper award". The only evidence mentioned by the board was the testimony of the impartial specialist and the board stated: "Dr. Donaldson, the impartial specialist, has testified that the injuries caused by the accident of 12/18/57 aggravated and accelerated the growth of the spinal cord tumor and therefore claimant's present condition is causally related to the accident of 12/18/57." While Dr. Donaldson's testimony would not support an award based solely on the 1957 accident, as he indicated on cross-examination "that other injuries also played a part in this acceleration and aggravation in addition to the accident of December 18, 1957", it did, however, constitute substantial evidence in support of the board's determination reversing the Referee's decision that neither the 1957 nor the 1959 accident was compensable and further restoring the case to the calendar for "proper award". Thereafter a Referee made an award against the apellants only and, in the second of its decisions appealed from the board affirmed. The board's decision holding only the appellants responsible was supported by substantial evidence, the testimony of the operating surgeon. The board was not bound to accept the impartial specialist's testimony in entirety as it "'was not required to accept or reject the whole of each medical opinion'" (*Matter of Jackson* v. *Aarlin Realty Co.*, 23 A D 2d 598, 599). The record presents a conflict of medical opinion evidence which was resolved in the "exercise of fact-finding power which is entirely within the province of the Board" (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529, 532). The appellants object that an oral hearing was not had on their application to review the Referee's decision making an award against them. The board's decision states that the appellant carrier "requests review on the same issue previously raised" and that "since the issue upon which the carrier now requests a review has been decided by the Board and since no additional evidence

has been introduced, the award made is proper". The appellants again chose not to print their application for review and consequently there is nothing in the record contradictory of the board's decisional statements and hence no basis for considering whether the board was unreasonable in not conducting an oral hearing on the application. The appellants also urge that the hypothetical question posed to the operating surgeon was based on hypotheses which were without proper support in the evidence. But the appellants' medical expert had heard the hypothetical question to which objection was and is now made and, when he took the stand, the appellants withdrew their objection to the question and asked the same question of their medical expert without repeating it. Decision affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.