■ In the Matter of the Claim of NATHANIEL DANIELS, Respondent, v. AMERICAN AIRLINES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— TAYLOR, J. This is an appeal by an employer and its carrier from a decision and award of the Workmen's Compensation Board. On February 3, 1962 claimant, a fleet service clerk, sustained an industrial injury to his left testicle when he stepped into a hole in the aisle of a darkened airplane. Two days later a physician diagnosed his injury as "traumatic orchitis of the left testicle" prescribed medication for the pain which he was undergoing and the use of a scrotal suspensory. This treatment continued until February 16 when his condition was found to have sufficiently improved as to permit his return to work on February 19. Thereafter an award of compensation for disability to February 20 was made and the case continued. On August 17, 1962 claimant returned to the treating physician who, upon examination, found the testicle to be "a little larger than when seen on 2/16/62" and proposed an examination by a specialist in urology. On September 28, 1962 the suggested examination was conducted. Suspecting that claimant was suffering from a left testicular tumor the examining physician advised that he be operated to substantiate his impression. After a biopsy had revealed the presence of a malignancy, the testicle and a portion of the spermatic cord were surgically excised. Following hearings thereafter held a Referee found accidental causation to have been established and made an award to claimant consistent with his finding. Upon the carrier's application for review the board rescinded the Referee's decision and referred the case to the Chairman of the Workmen's Compensation Board for the designation of an impartial specialist to examine claimant and to report his opinion as to causal relation between claimant's disability resulting from the removal of the testicle and the accidental injury of February 3, 1962. When the record had been completed in accordance with its direction the board reinstated the Referee's decision and award. The sole issue presented on appeal is whether or not there was substantial evidence supportive of the board's finding of causality. The record discloses a sharp difference of medical opinion, based largely on the role of injury in the etiology of cancer, as to whether the trauma caused or aggravated a malignant tumor of the testis. The operating surgeon and the impartial specialist were of the opinion that the blow to the testicle produced the malignancy directly or accelerated its growth with resultant disability. The medical experts who testified in appellants' behalf expressed strong views to the contrary. We cannot say that in the exercise of its fact-

finding power the board's choice of the proof favoring causation lacked rational support in the record. (*Matter of Jackson* v. *Aarlin Realty Co.,* 23 A D 2d 598; *Matter of Palermo* v. *Gallucci & Sons,* 5 N Y 2d 529, 532.) Decision affirmed, with costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.