■    In the Matter of the Claim of AUDREY KINGSTON, Appellant, v ROCHESTER PRODUCTS, G. M. C. et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed October 22, 1976. Claimant underwent a tubal ligation sterilization procedure on April 4, 1975. She, thereafter, filed a claim for disability benefits for related lost time. The board in affirming the referee by a split vote, found that the tubal ligation was purely elective and that the disability resulting from the operation was not illness within the limits of subdivision 8 of section 201 of the Disability Benefits Law (Workmen's Compensation Law, art 9). The question of the compensability of a tubal ligation was considered by this court in two relatively recent cases *(Matter of Fullerton v General Motors Corp., Rochester Prods. Div.,* 46 AD2d 251; *Matter of White v Metropolitan Life Ins. Co.,* 46 AD2d 964). An examination of the instant record demonstrates that conflicting inferences may be drawn from the proof. The board, however, found against claimant. Under such circumstances we should not disturb the determination if there is substantial evidence in the record to sustain it *(Matter of Manikoff v Your Baking Co.,* 30 AD2d 740). We concude there is. Consequently, the decision must be affirmed. Decision affirmed, without costs. Sweeney, J. P., Staley, Jr., Main, Larkin and Mikoll, JJ., concur.