■ In the Matter of the Claim of AUDRIA CYR, Respondent, v BERO CONSTRUCTION CORP. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workers' Compensation Board, filed January 20, 1978 and December 15, 1978, which held that as a result of an industrial accident on September 7, 1965, the decedent developed an abdominal aortic aneurysm, the rupture of which caused his death on

January 2, 1975. Claimant was employed as a truck driver by the Bero Construction Corporation on September 7, 1965, when his gravel-loaded vehicle overturned pinning him to the ground for a time. The right leg was forced to bend upward into the chest area. Claimant was taken to the hospital where it was found that he had suffered compound fractures of the right tibia and fibula, which were repaired through open reduction. After leaving the hospital the claimant suffered back pains, difficulty with weight bearing on the right leg and a number of other difficulties for an extended period of time. On April 11, 1968, the claimant's attending physician, Dr. Smith, while examining him for a variety of discomforts found a "rather prominent palpatation" in the upper abdominal area. Further examinations were conducted and on May 23, 1968 Dr. Smith made a definite diagnosis of an aortic aneurysm and related its cause to the incident of September 7, 1965. On November 21, 1968, the referee found the condition to be causally related and authorized surgical repair, which had been recommended by Dr. Rizzuto, the claimant's vascular surgeon. Significantly, the carrier continued to make payments until June 18, 1974 when it ceased paying benefits and asserted that the aneurysm was unrelated to the accident. The recommended surgery had not been performed for a variety of reasons. On August 27, 1974, the case was restored to the referee's calendar on the question of causally related disability after June 18, 1974. Before resolution of the question, and on January 2, 1975, the claimant died from a rupture of the abdominal aneurysm. The widow then filed a claim for death benefits in behalf of herself and five infant children. The referee found the aneurysm to be causally related to the accident of September 7, 1965 and its rupture to be the cause of death. A divided board affirmed both holdings on the basis of "the probative and credible medical testimony". On appeal, the employer and its carrier urge that the determination is not supported by substantial evidence in that Dr. Rizzuto's opinion lacks "certainty" or "even probability"; was not based upon reasonable medical certainty and was, therefore, insubstantial and insufficient. Resolution of this issue requires us to determine with what degree of certainty must the opinion of an expert be expressed for it to have probative force. The answer, insofar as the trial process is concerned, has recently been provided by the Court of Appeals in *Matott v Ward* (48 NY2d 455). We discern no valid reason why the rule should be different or more stringent in the field of administrative law. Judge Fuchsberg in *Matott (supra)* traces the evolution of the "within a reasonable degree of medical certainty" rule from *Strohm v New York, Lake Erie & Western R. R. Co.* (96 NY 305) to the present, and the court concluded that the rule to be applied is best stated in *Matter of Miller v National Cabinet Co.* (8 NY2d 277, 282), where the court made clear that it is not a dictionary diletantism that is to govern, but whether it is "reasonably apparent" that "the doctor intends to signify a probability supported by some rational basis". To be considered is the totality of the expert's testimony *(Matott v Ward, supra, pp 462-463)*. In our view, examination of Dr. Rizzuto's testimony, *in toto,* leads to the inescapable conclusion that, though not expressed in terms of reasonable medical certainty, nonetheless the opinion was such as to make it reasonably apparent that the doctor intended to signify a probability and that the opinion was supported by a rational basis. Dr. Rizzuto, though not the attending physician, played an intimate part in the medical history of the decedent. He closely observed and examined Mr. Cyr over a number of years and came to share the opinion of Dr. Smith. While conceding the possibility of other causes of the aneurysm, he explained his reasons for eliminating them as causes in

decedent's case. It seems clear that his opinion was not based upon supposition or speculation and we should affirm. Decisions affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Greenblott, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.