■ In the Matter of the Claim of FRANCIS CARLEY, Respondent, v TRIBOROUGH BRIDGE & TUNNEL AUTHORITY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed September 13, 1979, which held that claimant's disability after January 21, 1977 was causally related to an industrial accident sustained by him on January 1, 1977 and that his subsequent treatment at the Veterans Administration Hospital was necessary and authorized. The board found: "based on Dr. Russo's testimony claimant has a continuing causally related disability subsequent to January 21, 1977, [and] treatment at the Veterans Administration Hospital was necessary and authorized." Substantial evidence in the record supports this determination of the board. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Greenblott, Main, Mikoll and Casey, JJ., concur.

■ In the Matter of the Claim of JOHN R. JURASIN, Respondent, v A. & M WALLBOARD, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed September 21, 1979. After receipt of conflicting expert medical testimony as to the degree of disability attributable either to claimant's fall from a ladder or to a pre-existing condition of thrombophlebitis, the board referred the matter to an impartial orthopedist for his opinion. Upon receipt of the impartial expert's report, the board decided that claimant had a moderate permanent partial disability and affirmed the referee's award of compensation at the maximum rate thereof. On this appeal, the employer and its carrier do not challenge the rate of compensation fixed by the board but contend that the board should have apportioned liability between claimant's pre-existing thrombophlebitic condition and his accidental injury. The board was free to choose between conflicting medical opinions, each based on the same facts, and was free to resolve the conflicting medical views by crediting some and rejecting others *(Matter of Rodriguez v Atlantic Gummed Paper Corp.,* 61 AD2d 873). Having done that and concluded that the industrial accident aggravated a pre-existing physical condition, the board was empowered to find that the employer is liable for the full consequences without apportionment. We have previously held that where an industrial accident aggravates an underlying condition, the employer is liable for the full award *(Matter of Putnam v Harrison Radiator Div., Gen. Motors Corp.,* 12 AD2d 543; see *Matter of Engle v Niagara Mohawk Power Corp.,* 6 NY2d 449; *Matter of Devine v Wilcox Supermarket,* 28 AD2d 573). Accordingly, we conclude that the board's decision is supported by substantial evidence. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Greenblott, Main, Mikoll and Casey, JJ., concur.