■ In the Matter of the Claim of ELEANOR WECHSLER, Respondent, v PETER SCALAMANDRE & SON et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal by the employer and carrier from a decision of the Workers' Compensation Board, filed November 19, 1979, which held that claimant's deceased husband's death was causally related to an

industrial accident. On December 14, 1976, the deceased was overcome by carbon monoxide fumes while working on a machine hoist at the State University at Stony Brook. He was paid compensation until January 3, 1977 when he returned to work. On January 19, 1978, the case was closed with a finding of no further causally related disability. Thereafter, on June 1, 1978 the board reopened the case and restored it to the Trial Calendar on the question of further causally related disability. Prior thereto, on May 24, 1978, claimant's husband had died following heart surgery. This claim for death benefits was filed on June 13, 1978. On November 19, 1979, the board reversed the referee and found that decedent had a continuing causally related disability until the date of death, and, further, that his death was also causally related to the original accidental poisoning. Thereafter, an award for death benefits was made to claimant. On this appeal, both the employer and carrier accept the board's finding that the deceased's disability due to accidental poisoning continued to the date of death, but insist that there is a lack of substantial evidence in the record to support the board's decision that death was causally related to the industrial accident. The board stated: "Upon review, the Board Panel finds based upon Dr. Friedman's testimony and report claimant had a continuing causally related disability due to his carbon monoxide exposure on December 14, 1976 until the day of his death on May 24, 1978. The Board Panel finds death was causally related to the original accident." The decision is supported by substantial evidence in the record. The record contains direct medical evidence supportive of the board's determination that decedent's death was causally related to the industrial accident (Workers' Compensation Law, § 20; *Matter of Cyr v Bero Constr. Corp.,* 75 AD2d 914). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.