■ In the Matter of the Claim of REBECCA EPPY, Respondent, v DAILY NEWS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed November 18, 1980, which found that claimant's husband's death was causally related to a compensable accidental injury. The board found: "based on the entire record, but in particular on the testimony of Dr. Kagen, that claimant's demise is related to the accident of September 11, 1972." The record reveals that claimant's husband apparently showed no symptoms of pre-existing multiple myeloma at the time of the work-related injury to his back, but immediately thereafter such symptoms, including persistent pain in the vicinity of the injury, manifested themselves. The treating physician, Dr. Kagen, was of the opinion that the trauma aggravated the pre-existing disease and that as a result decedent's lifespan was shortened somewhat. Under such circumstances, we cannot say that the board's finding of causal relationship between the injury and death is unsupported by substantial evidence (see, e.g., *Matter of Daniels v American Airlines*, 24 AD2d 677; *Matter of Flanagan v Stella D'Oro Biscuit Co.*, 23 AD2d 912; *Matter of Jackson v Aarlin Realty Co.*, 23 AD2d 598; *Matter of Speregon v Downtown Delicatessen*, 23 AD2d 901, affd 18 NY2d 736; *Matter of Smith v County of Erie*, 15 AD2d 585; see, also, *Matter of Miller v National Cabinet Co.*, 8 NY2d 277, 285-286; compare *Matter of Jurasin v A & M Wallboard*, 79 AD2d 800 with *Matter of Bauman v Lord Elec. Co.*, 79 AD2d 806). Although Dr. Kagen's testimony was not expressed in terms of reasonable medical certainty, it is sufficient that, based on a review of his testimony, *in toto*, "the opinion was such as to make it reasonably apparent that the doctor intended to signify a probability and that the opinion was supported by a rational basis" *(Matter of Cyr v Bero Constr. Corp.*, 75 AD2d 914, 915). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.