■ In the Matter of the Claim of Lucille Danko, Respondent, v Long Island University et al., Appellants. Workers' Compensation Board, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed June 17, 1981 and amended on October 6, 1981. On April 30, 1976, claimant's decedent suffered an industrial accident in the nature of chest pain caused by lifting a steel plate weighing between 100 and 125 pounds. He died on May 18, 1976, the cause of death being established by autopsy as "acute cardiac failure due to occlusive coronary artery disease". The employer's carrier controverted the death claim on the grounds of accident and causal relationship and the disability claim on the grounds of notice, accident and causal relationship. The hearing officer found that decedent sustained an industrial accident in the nature of a myocardial infarction on April 30, 1976 and, further, that decedent's death on May 18, 1976 was causally related to the accident. The board affirmed the hearing officer's decision on June 17, 1981 and on October 6, 1981 amended its decision to read as follows: "Upon review of the entire record and based particularly on the testimony and report of J. McCoy that the claimant had lifted and was working with a steel plate weighing about 100-125 pounds when he started feeling pains; and, based on the testimony and report of Dr. E. Friedman, the Board Panel finds causal relation to claimant's myocardial infarction and subsequent death on May 18, 1976." Based upon the record as a whole, we conclude there is direct probative medical evidence to support the board's determination that the decedent's death on May 18, 1976 was causally related to the industrial accident of April 30, 1976. Accordingly, we are constrained to conclude that the determination is supported by substantial evidence (*Matter of Cyr v Bero Constr. Corp.,* 75 AD2d 914). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Casey, Yesawich, Jr., and Levine, JJ., concur.