■ In the Matter of the Claim of EDITH CALABRETTA, Respondent, v SAMUEL D. LANORITH et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed August 21, 1981. On February 10, 1978, decedent, while working as a cleaner at a high school, struck his head on a metal locker door. He was dazed by the blow and

---

sustained a laceration, but continued working for some three months. On May 15, 1978, claimant entered the hospital for tests ordered by his family physician whom he consulted when he began to experience headaches and nausea. A malignant brain tumor was discovered, which ultimately caused decedent's death on January 5, 1979. On this appeal from a board decision which ruled that claimant was entitled to death benefits, the employer and his insurance carrier concede that there exists a causal relationship between the accident on February 10, 1978 and decedent's disability preceding his death, but they contend that the board erred in finding a causal relationship between the accident and decedent's death. A reading of the medical reports and the testimony of decedent's family physician as a whole, however, reveals the opinion that the accident aggravated or accelerated the progress of the tumor. The board's decision is, therefore, supported by substantial evidence despite the existence of medical evidence to the contrary (see *Matter of Eppy v Daily News,* 84 AD2d 599; *Matter of Wechsler v Scalamandre & Son,* 81 AD2d 713, mot for lv to app den 54 NY2d 606). Although the physician's opinion could have been expressed more clearly, his testimony, *in toto,* meets the requirement that it be "reasonably apparent that the doctor intended to signify a probability and that the opinion was supported by a rational basis" (*Matter of Cyr v Bero Constr. Corp.,* 75 AD2d 914, 915). The board's decision must be affirmed. Decision affirmed, with costs to the Workers' Compensation Board. Kane, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.