■ In the Matter of the Claim of ANSON FILM, Respondent, v HOLMES TRANSPORTATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed December 2, 1987, which ruled, inter alia, that claimant's injury arose out of and in the course of his employment.

Claimant was employed by Holmes Transportation as a truck driver. As part of his duties, claimant loaded trucks at the Holmes terminal in the City of Albany and drove to the customer's business, where he unloaded the cargo. In January 1985, while he was undergoing treatment for hypertension by Dr. Mary Rappazzo, claimant renewed his Federally required certificate of medical fitness. Rappazzo certified that claimant suffered from "[h]ypertension—controlled on medication".

On July 17, 1985, claimant started work at 9:30 A.M. As he was loading heavy units of air conditioning equipment onto the trailer portion of his truck, he felt weak and dizzy. These symptoms worsened throughout the day, but claimant struggled to make several stops before returning to the Holmes

terminal at 3:00 P.M. He reported himself sick and went home. The following morning, July 18, 1985, claimant collapsed in his bathroom and was admitted to the hospital where Rappazzo diagnosed his condition as a cerebral vascular accident, or stroke. When claimant's condition failed to improve, Dr. Donald McGoldrick, the chief of the hospital's renal division, ordered an angiogram, which revealed a restriction of the left renal artery. When claimant's condition stabilized, he was discharged with a paralyzed left arm and a weak left leg.

Claimant's workers' compensation claim was dismissed upon a finding of no accident in the course of employment and no occupational disease. The Workers' Compensation Board reversed, holding that, in light of claimant's work on July 17, 1985 and his preexisting condition, the stroke constituted an accident arising out of and in the course of employment and, further, that claimant's disability was causally related thereto. We affirm.

Witness credibility and medical causation, the central issues of this claim, are questions of fact, the resolutions of which must be affirmed if supported by substantial evidence (*Matter of Smith v Bell Aerospace,* 125 AD2d 140, 142-143). Claimant provided a detailed description of the events of July 17 and 18, 1985 which comports with the factual recitation above. Rappazzo testified that on July 18, 1985 claimant told her that his symptoms started while he was loading at work and doing "his usual job activity" the day before. McGoldrick, the renal specialist, stated that when he examined claimant on July 23, 1985, claimant said that he felt ill while "out delivering material which was heavy" and left work early. These accounts provide a consistent, coherent and believable description of a work-connected onset of a stroke (see, *Matter of Goodwin v New York State Workmen's Compensation Bd.,* 20 AD2d 951, *affd* 15 NY2d 508; *Matter of Brancato v Cowper Co.,* 282 App Div 752, *lv denied* 306 NY 979).

The employer's argument that this description of the onset of claimant's stroke is belied by the hospital records is unpersuasive. The hospital discharge summary recites, "The patient stated that he awoke on the day prior to admission and noted that he was unable to move his left arm and he had difficulty moving his left leg. He also noted some difficulty with speech." However, the July 18, 1985 history sheet contained in the hospital record recites that the patient is a 40-year-old white male "who noted [increased] weakness and [decreased] sensation over last few days". It continues that these conditions "[b]ecame more pronounce *[sic]* yesterday & left work early".

These descriptions merely create a question of fact and where, as here, conflicting inferences may be drawn from the proof, the Board's determination should not be disturbed *(see, e.g., Matter of Kingston v Rochester Prods.,* 62 AD2d 1104).

Further, the opinion of Rappazzo, claimant's regular physician, that a causal connection existed between claimant's heavy work on July 17, 1985 and his resultant stroke, together with the opinion of McGoldrick that "there is evidence to show that heavy weight lifting can increase blood pressure and this may very well have contributed to [claimant's] accelerated hypertension and as a consequence, the development of a stroke," clearly support the Board's conclusion. While a review of the entire record confirms a sharp conflict in testimony among various medical experts, it is well established that the Board is free to resolve conflicts in medical opinion and its determination will not be disturbed when supported by substantial evidence *(Matter of Kapogiannis v Vassar Coll.,* 141 AD2d 947, 948). Indeed, all that is required is that the medical opinion reflect a probability supported by a rational basis *(Matter of Calabretta v Lanorith,* 90 AD2d 608, 609). In our view the evidence provides substantial evidence to support the Board's determination that claimant's injury arose out of and in the course of his employment.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.