■ In the Matter of the Claim of MARIANNE CAPON, Respondent, v GRUMMAN CORPORATION et al., Appellants, and SPECIAL FUND CONSERVATION COMMITTEE, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed August 29, 1988.

Claimant's decedent, William Capon, sustained compensable injuries to his left leg on October 19, 1970 and February 8, 1983. In the latter incident, Capon fractured the femur of his left leg when he slipped on ice at work. He was hospitalized for three weeks, during which time he underwent surgery to repair the fracture. Capon remained on crutches following his discharge from the hospital and, on March 2, 1983, Capon's treating physician referred him to Louis Cress, a physical therapist. Capon received physical therapy on 17 occasions between March 2, 1983 and April 8, 1983.

On April 8, 1983, claimant drove Capon to his 9:00 A.M. physical therapy appointment. According to claimant, when she returned to pick up her husband one hour later, she observed that he was pale, breathing very heavily and looked like he might faint. When she asked him what was the matter, Capon replied, "They gave me very heavy therapy today." When claimant and her husband returned home, Capon sat in a chair and began watching television. Approximately one hour later, Capon suffered a fatal heart attack.

Claimant applied for workers' compensation benefits. Hearings were held after which the Workers' Compensation Board ultimately sustained the claim, relying primarily upon the testimony of Dr. Irwin Friedman, claimant's medical consultant, who opined that Capon's heart attack was causally related to the stress of his physical therapy. The employer appeals.

The employer's sole contention on appeal is that the Board's decision was erroneous since Friedman's testimony did not rise to the level of substantial evidence. In support of this contention, the employer argues that there was no evidence in the record to support Friedman's conclusion that Capon's last

therapy session was stressful. We disagree. Friedman testified that he had reviewed the written report of Capon's physical therapist, which detailed the exercise regimen Capon engaged in on the day in question. Moreover, claimant's testimony concerning Capon's appearance at the conclusion of the physical therapy session was further evidence that the therapy had been strenuous. In our view, the foregoing supplied an adequate evidentiary basis upon which Friedman could premise an opinion as to causation (see, Matter of Bilow v Town of Chateaugay, 151 AD2d 845; Matter of Film v Holmes Transp., 147 AD2d 831, 832-833). Accordingly, the Board's decision is supported by substantial evidence and must be affirmed.

Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.