■ In the Matter of the Claim of MARY L. LAMPO, Appellant, v EASTMAN KODAK COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Mercure, J. Appeals from three decisions of the Workers' Compensation Board, filed March 25, 1987, which, *inter alia,* denied claimant's application for

---

\* It should be noted that the defendant in *People v Tucker (supra)* was a codefendant of defendant herein.

reconsideration of a prior decision ruling that claimant was not entitled to additional disability benefits.

The testimony of Dr. David Smith that all of the objective measures of claimant's visual performance showed her vision to be normal provided substantial evidence for the finding of the Workers' Compensation Board that claimant suffered no loss of visual acuity. The contrary medical evidence merely created an issue of credibility for the Board's resolution *(see, Matter of Film v Holmes Transp.,* 147 AD2d 831). Further, it is undisputed that claimant received 26 weeks of disability payments during her absence from work following her knee injury, and there is no evidence in the record to support the contention that the employer's long-term disability plan entitled claimant to further benefits. Moreover, the plan, providing benefits which claimant acknowledges are in excess of those required by State law, is regulated exclusively by the Employee Retirement Income Security Act of 1974 (29 USC § 1001 *et seq.; see, Shaw v Delta Air Lines,* 463 US 85). Finally, the Board's decision to deny claimant's application for reconsideration of her discrimination claim was neither an abuse of discretion nor arbitrary and capricious *(see, Matter of Gibbons v Zara Constr. Co.,* 77 AD2d 675, 676, *lv denied* 52 NY2d 705) and, therefore, may not be disturbed. The record amply supports the Board's determination that no new evidence was submitted to warrant reconsideration *(see, supra).*

Decisions affirmed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.