■ In the Matter of the Claim of VIRGINIA CRAMER, Respondent, v BASF WYANDOTTE CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [595 NYS2d 118] — Appeal from an amended decision of the Workers' Compensation Board, filed January 23, 1992, which, *inter alia,* ruled that the occupationally related disease of claimant's decedent contributed to his death.

It is not disputed that claimant's decedent had an established case of bronchitis and that this condition was an occupationally related disease. It is also not disputed that decedent had an additional disease, aortic stenosis, which was not caused or aggravated by his bronchitis and that he died as a result of the aortic stenosis. At issue on this appeal is whether the Workers' Compensation Board erred in concluding that decedent's bronchitis contributed to his death "because it prevented the cardiac surgery which would have prolonged [his] life". Contrary to the employer's contention, we find substantial evidence in the record to support the Board's determination and, accordingly, affirm.

Expert medical testimony indicated that because of decedent's bronchitis he was not a candidate for corrective cardiac surgery or aortic valve replacement, the only effective treatments at that time. As one physician stated, "nothing corrects the stenosis other than surgery". Further testimony revealed that decedent's condition was serious and that he had a "major cardiac problem". Aortic stenosis was described as a "life threatening" condition which could result in sudden death. On the basis of this testimony and the record evidence, we find no error in the Board's conclusion that the proper treatment for decedent's stenosis was surgical replacement of the valve and that because of his bronchitis the surgery was not performed *(see, Matter of Murray v Direen Operating Co.,* 15 AD2d 851, *lv denied* 11 NY2d 644). It was for the Board to resolve any conflicts in medical opinion *(see, Matter of Kapogiannis v Vassar Coll.,* 141 AD2d 947).

There was also no error in the Board's conclusion that the surgery would have prolonged decedent's life *(see, Matter of Murray v Direen Operating Co., supra).* The Board may draw

any reasonable inferences from the facts *(see, Matter of Bilow v Town of Chateaugay,* 151 AD2d 845). In addition to the previously discussed testimony, one expert opined that if decedent had suffered only from his bronchitis "his life expectancy would be a matter of at least a few years". "[A]ll that is required is that the medical opinion reflect a probability supported by a rational basis" *(Matter of Film v Holmes Transp.,* 147 AD2d 831, 833). The total medical testimony in this case met this requirement *(see, Matter of Calabretta v Lanorith,* 90 AD2d 608). The employer's remaining contentions have been considered and rejected as unpersuasive.

Levine, J. P., Mercure, Mahoney, Casey and Harvey, JJ., concur. Ordered that the amended decision is affirmed, without costs.