■ In the Matter of the Claim of ANN M. LOSSO, Respondent, v TESCO TRAFFIC SERVICES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [670 NYS2d 244] —Spain, J. Appeals from two decisions of the Workers' Compensation

Board, filed June 20, 1995 and June 26, 1996, which ruled that the compensable myocardial infarction of claimant's decedent contributed to his death.

In February 1985, claimant's decedent suffered a work-related heart attack. Successive angioplasties and the use of powerful cardiac medications were required to treat the damage caused by the myocardial infarction. Decedent was diagnosed with leukemia in 1986 and was treated with standard chemotherapy. Decedent died on July 10, 1988, with the stated causes of death listed as acute monomyelocytic leukemia and cardiopulmonary arrest. Thereafter, claimant, decedent's widow, filed this claim for workers' compensation death benefits. The claim was controverted by the workers' compensation carrier for decedent's employer based on, *inter alia*, the argument that decedent's death was solely caused by the noncompensable disease of leukemia. The Workers' Compensation Board ultimately ruled that the compensable myocardial infarction was a contributing factor causally related to decedent's death. This appeal by the employer and its carrier (hereinafter collectively referred to as the employer) followed.

We affirm. In our view, the record contains substantial evidence to support the Board's conclusion that there was a causal relationship between decedent's February 1985 myocardial infarction and his death following an unsuccessful battle against leukemia. While it is true that decedent's treating oncologist testified that his death was solely caused by the noncompensable cancer, the Board was within its province in crediting the contrary evidence from decedent's cardiologist, Seymour Cutler, who indicated that decedent's demise was causally related, in part, to the residual effects of the myocardial infarction and his resulting weakened cardiovascular system. Cutler and an internist, Clyde Turner, both indicated that decedent's heart condition limited the drug therapy that could be employed to fight the cancer and Cutler stated that decedent's compensable heart attack probably hastened his death as a result (*see, Matter of Cramer v BASF Wyandotte Corp.*, 191 AD2d 831). Contrary to the employer's argument, this testimony and the record evidence provided a rational basis for the Board's determination in claimant's favor, keeping in mind the Board's power to draw any reasonable inferences from the facts and resolve any conflicts in medical testimony (*see, id.*).

The employer's remaining arguments have been examined and we find them to be unpersuasive.

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.