■ In the Matter of the Claim of BRUCE GEED, Respondent, v SULLIVAN COUNTY SHERIFF'S DEPARTMENT, Appellant.

WORKERS' COMPENSATION BOARD, Respondent. [697 NYS2d 772] —Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed November 26, 1997, which ruled that claimant sustained accidental injuries arising out of and in the course of his employment.

Claimant, a desk sergeant employed by the Sullivan County Sheriff's Department, filed two claims for workers' compensation benefits alleging that he suffered from chest pains caused by job-related stress, which culminated in two myocardial infarctions which occurred on December 2, 1994 and June 27, 1995 while he was working at the patrol desk. Concluding that claimant's job-related stress was a contributing factor which precipitated the myocardial infarctions, the Workers' Compensation Board ruled that the infarctions constituted accidents arising in and out of the course of claimant's employment. The employer appeals.

We affirm. Initially, we reject the employer's arguments relating to Workers' Compensation Law § 21 inasmuch as the Board did not rely upon the presumption of compensability set forth in that statute in rendering its decision (see, Matter of Gordon v Paul, 233 AD2d 798). Moreover, our review of the record reveals substantial evidence to support the Board's conclusion that the myocardial infarctions were causally related to claimant's employment and therefore constituted compensable accidents (see, Matter of Ayers v Tioga County Sheriff's Dept., 240 AD2d 819). While the employer presented the testimony of a cardiologist who reported that the myocardial infarctions resulted solely from a preexisting coronary artery disease rather than work-induced stress, it was within the Board's province to credit the contrary evidence from claimant's cardiologist and internist who opined that the infarctions were caused in part by the extremely stressful conditions experienced by claimant at work (see, Matter of Losso v Tesco Traffic Servs., 248 AD2d 812). The fact that the preexisting condition may have also contributed to the infarction does not warrant a different conclusion than that reached by the Board (see, Matter of Rock v Sullivan County Sheriff's Dept., 199 AD2d 659).

The employer's remaining arguments have been reviewed and rejected as lacking in merit.

Cardona, P. J., Peters, Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.