■ In the Matter of the Claim of IONA M. LEROUX, Respondent, v STONE & WEBSTER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [753 NYS2d 226] —Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed April 12, 2001, which ruled that the death of claimant's decedent was causally related to a prior work-related injury and awarded claimant workers' compensation death benefits.

Decedent sustained two separate work-related back injuries, the first on February 6, 1978 and the second on March 23, 1983. As a result of the 1983 injury, decedent was declared permanently partially disabled and was awarded workers' compensation benefits. In the ensuing years, decedent endured surgery and treatment with various doctors, including Angelo Porcari, who, in April 1997, prescribed anticoagulant medication to treat decedent's ongoing back problems. Thereafter, due to cardiopulmonary arrest caused by an intracerebral hemorrhage, decedent died on September 15, 1997. As a result, claimant, decedent's widow, filed a claim for workers' compensation death benefits, contending that her husband's 1983 back injury effectuated deep vein thrombosis and that the anticoagulants prescribed thereafter caused the hemorrhage which resulted in his death. Ultimately, a Workers' Compensation Law Judge established the case for accident, notice and causal relationship. The Workers' Compensation Board affirmed, finding, inter alia, that decedent's death was causally related to the anticoagulant medication used to treat his prior work-related injury. This appeal ensued.

The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) first contend that there is insufficient evidence in the record to support the Board's causation finding. We disagree. Daniel Burdick, the carrier's medical consultant, stated in an initial report that had decedent been taking anticoagulant medication in the summer before his death, "it may very well have been a precipitating factor [in causing the] intracerebral hemorrhage." In a subsequent report, Burdick further stated that "patients on anticoagulant therapy may have a hemorrhage at any time and often these are intracerebral." Recognizing that Porcari directed decedent to continue taking the anticoagulant medication three months before his death, which was followed by a direction to "continue regimen" just two months before his death, it was reasonable for the Board to find a causal relationship between decedent's death and the anticoagulant medication (*see Matter of Johnson v New York City Bd. of Educ.*, 169 AD2d 1003). Accordingly, we conclude that the Board's determination should not be disturbed as it is supported by substantial evidence in the record (*see Matter of Keeley v Jamestown City School Dist.*, 295 AD2d 876, 877; *Matter of Jean-Lubin v Home Care Servs. for Ind. Living*, 295 AD2d 825, 826).

With respect to the employer's contention that Porcari's December 15, 1997 letter was improperly relied upon by the

Board because it was simply speculation and was based on incorrect medical history, inasmuch as the Board unequivocally stated that it "does not rely on the letter in [making] this decision," the employer's argument on this point is entirely without merit. Finally, the employer's argument concerning Workers' Compensation Law § 21 is misplaced since the Board did not rely on statutory presumptions in rendering its decision, but clearly stated that its findings were based on the medical evidence in the record (*see Matter of Williams v Roadkill, Inc.*, 277 AD2d 764, 765, *lv dismissed* 96 NY2d 824; *Matter of Geed v Sullivan County Sheriff's Dept.*, 266 AD2d 594, 595).

Crew III, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.