■ In the Matter of the Claim of MARILYN G. BEESMER, Respondent, v VILLAGE OF DERUYTER FIRE DEPARTMENT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [801 NYS2d 635]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed December 3, 2003, which ruled that the death of claimant's decedent was causally related to a prior work-related injury and awarded workers' compensation death benefits.

In 1975, John E. Beesmer (hereinafter decedent) suffered a heart attack while working as a volunteer firefighter for the Village of DeRuyter Fire Department in Madison County. As a result of that injury, decedent received workers' compensation benefits continuously until his death in 2002. Thereafter, claimant applied for workers' compensation death benefits, claiming that decedent's death was due to his prior work-related injury. At the initial hearing, the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) were granted a 60-day adjournment to cross-examine decedent's treating physicians. Subsequently, a Workers' Compensation Law Judge (hereinafter WCLJ) denied the employer's request for a second adjournment after it failed to take the deposition of either physician during the prior adjournment and awarded workers' compensation death benefits to claimant. The Workers' Compensation Board affirmed the determination and this appeal ensued.

The record reflects that decedent's treating physician, Esther Steinberg, concluded that the 1975 heart attack and subsequent coronary artery disease led to congestive heart failure, which eventually resulted in his death. While attributing a greater portion of the cause of decedent's death to his other health conditions, the employer's own medical consultant did agree that decedent's 1975 heart attack "played a role" in his worsening cardiac health and eventual death. Entitlement to death benefits does not require that the work-related injury be the sole cause of death; rather, medical opinion that the work-related injury was a participating factor is sufficient (*see Matter of Leroux v Stone & Webster*, 301 AD2d 760, 761 [2003]; *Matter of Geed v Sullivan County Sheriff's Dept.*, 266 AD2d 594, 595 [1999]). Inasmuch as the record contains substantial evidence that decedent's death was causally related to his prior work-related heart attack, we will not disturb the Board's decision (*see Matter of Leroux v Stone & Webster, supra* at 761; *Matter of Estate of Matusko v Kennedy Valve Mfg. Co.*, 296 AD2d 726, 727 [2002], *lv denied* 99 NY2d 504 [2002]; *Matter of Geed v Sullivan County Sheriff's Dept., supra* at 595).

We are also not persuaded by the employer's argument that the WCLJ improperly denied the request for a second adjournment to obtain the depositions of decedent's treating physicians. The employer was entitled to a further adjournment only if the WCLJ found that there was "sufficient excuse for the physician[s'] nonappearance" (12 NYCRR 300.10 [c]; *see Matter of Rose v International Paper Co.*, 290 AD2d 664, 666-667 [2002]). Given the employer's failure to communicate to the WCLJ that there was any difficulty in scheduling the depositions prior to the hearing date or to submit any explanation regarding why subpoenas had not been served upon the physicians to compel their testimony, the denial of the request for further adjournment was not improper in this case (*see Matter of Rose v International Paper Co., supra* at 666-667).

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.