■ DOROTHY DROOGAN, Respondent, v RAYMARK INDUSTRIES, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [872 NYS2d 752]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed November 23, 2007, which ruled that the death of claimant's decedent was causally related to his employment.

In 1997, a workers' compensation disability claim was established for claimant's husband (hereinafter decedent) for asbestosis, with a date of disablement of January 5, 1987. Decedent died in 2005 and claimant submitted a claim for workers' compensation death benefits. A Workers' Compensation Law Judge found that decedent's established injury for asbestosis was a contributing factor in his death and awarded benefits. On review, the Workers' Compensation Board affirmed, prompting this appeal.

We affirm. Initially, we conclude that the employer's contentions on appeal were raised before the Board and properly preserved for our review (cf. Matter of Cullen v City of White Plains, 45 AD3d 1167, 1168-1169 [2007]). Turning to the merits, for a causal relationship to exist between a decedent's death and a work-related illness, the illness "need not be the sole or even the most direct cause of death, provided that the claimant demonstrates that the compensable illness was a contributing factor in the decedent's demise" (Matter of Imbriani v Berkar Knitting Mills, 277 AD2d 727, 730 [2000]; see Matter of Beesmer v Village of DeRuyter Fire Dept., 21 AD3d 1228, 1229 [2005]).

Here, decedent's treating physician testified that decedent died from complications, including pneumonia, from a recent stroke. He further testified that decedent's asbestosis contributed to his deterioration after the stroke, based upon the fact that asbestosis damages the lungs and causes pulmonary hypertension. The employer's medical expert concurred that the stroke had caused decedent to develop pneumonia, which he opined was the major contributing factor in his death. Although the employer's expert testified that asbestosis was not a factor in decedent's death and probably did not affect his ability to combat the pneumonia, the expert admitted that he was not certain of the extent of decedent's lung damage related to the

asbestosis and that such a condition could have contributed to his demise. Contrary to the employer's argument, we find that the opinion of claimant's medical expert that asbestosis was a contributing factor in decedent's death was supported by a rational basis (*see Matter of O'Malley v Consolidated Edison Co. of N.Y.*, 301 AD2d 814, 815 [2003]; *Matter of Estate of Matusko v Kennedy Valve Mfg. Co.*, 296 AD2d 726, 727 [2002], *lv denied* 99 NY2d 504 [2002]; *Matter of Altes v Petrocelli Elec. Co.*, 283 AD2d 829, 830 [2001]). Accordingly, mindful of the Board's discretion to resolve conflicts in medical opinion, we conclude that the Board's determination in claimant's favor was supported by substantial evidence and it will not be disturbed (*see Matter of Ciafone v Consolidated Edison of N.Y.*, 54 AD3d 1135, 1136 [2008]; *Matter of Owoc v Syracuse Univ.*, 301 AD2d 765, 766 [2003], *lv denied* 100 NY2d 501 [2003]; *Matter of Losso v Tesco Traffic Servs.*, 248 AD2d 812, 813 [1998]).

Cardona, P.J., Mercure, Rose and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.