Garry, J.
Appeal from a decision of the Workers’ Compensation Board, filed November 6, 2012, which ruled, among other things, that decedent’s death was causally related to his occupational illness.
In 1991, a compensable injury was established to the lungs of claimant’s husband (hereinafter decedent), after which he was found to be permanently partially disabled in 1992. Decedent was paid workers’ compensation benefits continuously until his death in September 2010, after which claimant submitted a claim for workers’ compensation death benefits. A Workers’ Compensation Law Judge found, among other things, that decedent’s death was related to his work-related illness and awarded benefits. The Workers’ Compensation Board affirmed and the self-insured employer and its claims administrator now appeal.
We affirm. To demonstrate entitlement to workers’ compensation death benefits, a claimant must establish a causal relationship between the death and a work-related illness, but “the illness ‘need not be the sole or even the most direct cause of death, provided that the claimant demonstrates that the compensable illness was a contributing factor in the decedent’s demise’ ” (Matter of Droogan v Raymark Indus., Inc., 59 AD3d 803, 804 *1022 [2009], quoting Matter of Imbriani v Berkar Knitting Mills, 277 AD2d 727, 730 [2000]). Here, decedent’s death certificate listed the immediate cause of death as sepsis, as a consequence of respiratory failure. Additionally, a C-64 medical report completed by decedent’s physician of 20 years, who most recently saw decedent in June 2010, opined that decedent’s death was caused either directly or indirectly by his work-related illness. Accordingly, we find that the Board’s decision to award death benefits is supported by substantial evidence (see Matter of Roberts v Waldbaum’s, 98 AD3d 1211, 1212 [2012]; Matter of Webb v Cooper Crouse Hinds Co., 62 AD3d 57, 59 [2009]).
Peters, EJ., Lahtinen, Rose and Devine, JJ., concur.
Ordered that the decision is affirmed, without costs.