■ In the Matter of the Claim of JOHN R. SULLIVAN, Appellant, v SYSCO CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [606 NYS2d 77] —Mikoll, J. Appeal from a decision of the Workers' Compensation Board, filed February 7, 1992, which, *inter alia,* ruled that claimant did not sustain a causally related disability and disallowed benefits after January 24, 1990.

Claimant is a truck driver who experienced episodes of extremely rapid heartbeat which was diagnosed as supraventricular tachycardia (hereinafter SVT). The Workers' Compensation Board, by decision dated May 4, 1990, found that his disability caused by SVT was work related for the following periods: January 24, 1989 to January 30, 1989, April 3, 1989 to April 6, 1989, April 17, 1989 to April 22, 1989, and June 28, 1989 to July 1, 1989. In disallowing compensation benefits after January 24, 1990, the Board found that claimant had a predisposition which, when aggravated by heavy exertion, caused an episode of SVT. The Board concluded that upon subsiding of the SVT attack, claimant was no longer disabled and disallowed claimant's claims. This appeal ensued.

There should be a reversal. The decision of the Board is not supported by substantial evidence. In finding that claimant is not impaired by SVT, the Board concluded that because SVT is episodic and abates, claimant is no longer disabled when the attack passes. Such a conclusion, on its face, is illogical. The record indicates that the determination is not sustainable.

Claimant was advised by his cardiologist and family practitioner after several recurrences of SVT that he was not able to perform work requiring lifting of weight in excess of 30 pounds. His employer, when so advised, terminated claimant's employment. Claimant then worked for another trucking firm but, because of a recurring attack, was told by his physician

not to work as a truck driver. Claimant has not worked since December 1989.

Barbara Raskin, claimant's family physician, found that the recurrence of SVT made the continuation of truck driving inadvisable for claimant and that truck driving caused his SVT. Raskin testified that SVT is a *chronic* and *ongoing condition* which can be brought on again and again by certain precipitating factors. She opined that claimant's condition is chronic and that lifting activity precipitates his attacks. She indicated that his condition will not abate.

Claimant's expert, David Putnam, a cardiologist, testified that he treated claimant and diagnosed his condition as paroxysmal supraventricular tachycardia, which he found to be related to his work and the physical exertion required of him. He found that the episodes reoccurred in spite of claimant's being treated with medication. Putnam indicated that claimant must avoid extremes of overexertion and heavy lifting. He testified that the episodes are a continuation of an underlying problem and opined that his problem will probably be permanent in that his episodes will continue despite medication.

The expert for the employer's workers' compensation carrier, Adrian Grubs, indicated that claimant has a propensity for SVT and that the attacks sustained were an aggravation of the condition. Grubs indicated that claimant's underlying condition, which he could not diagnose, caused claimant to get tachycardia. He further found that claimant's condition is a hindrance to his employment and that his condition forecloses anything a person with a severe physical problem should not undertake. Grubs agreed that in claimant's case, his work activities were the cause of his SVT. He testified further that claimant would have to restrict the speed of his work and the poundage he lifted if he were to continue as a truck driver. Grubs also indicated that even with the medicine claimant was taking, claimant would still have rhythm disturbances. He concluded that the January 23, 1989 episode was work related. Grubs indicated that the underlying SVT condition can range from a controlled one to one resulting in death and he was unable to say if the January 23, 1989 episode occurred after claimant had been taking medicine to control the condition.

There is no substantial difference in the testimony of the three physicians involved, two for claimant and one for the carrier. The uncontroverted implication of the testimony of

the physicians is that claimant's condition is ongoing and that the triggering occasion of its onset, in his case, is heavy lifting. To say that claimant is not disabled between episodes is in conflict with all the medical experts who offered testimony on the issue.

The issue of claimant's episodes being work related are clearly not in issue. Claimant received payment for all lost time related to his attacks. The discrete issue before us is whether claimant's disability is a continuing one.

In *Matter of Smith v Bell Aerospace* (125 AD2d 140, 142-143), we stated: "The Board's authority in assessing the credibility of witnesses includes the power to selectively adopt or reject portions of a medical expert's opinion *(see, e.g., Matter of Rodriguez v Atlantic Gummed Paper Corp.*, 61 AD2d 873, 874), but as with any administrative determination, the Board's decision in this regard must be supported by substantial evidence *(see, Matter of Di Maria v Ross*, 52 NY2d 771, 772)."* The Board cannot, however, fashion a medical opinion of its own. The Board's resolution of the issue of continuing disability is in direct conflict with the conclusion of all the medical experts who offered opinions on the issue in this case.

Weiss, P. J., Mercure, Cardona and Mahoney, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.