■ In the Matter of James L. Furch, Appellant-Respondent, v Richard A. Bucci, as Mayor and Commissioner of Public Safety of the City of Binghamton, et al., Respondents-Appellants. [679 NYS2d 186] —Crew III, J. Cross appeals from a judgment of the Supreme Court (Rose, J.), entered July 19, 1996 in Broome County, which, *inter alia*, partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request for supplemental wage benefits under General Municipal Law § 207-a.

The relevant facts are more fully set forth in our prior decision in this matter (245 AD2d 749, *lv dismissed* 91 NY2d 953). When last before us, we determined that respondents were bound by the decision of a Workers' Compensation Law Judge (hereinafter WCLJ) finding that petitioner's myocardial infarction was causally related to his employment as a firefighter. Following that decision, and while respondents' motion for leave to appeal to the Court of Appeals was pending, a Workers' Compensation Board panel reversed the findings of the WCLJ prompting respondents' motion for reargument, which we granted. While reargument was pending, petitioner sought full Board review, whereupon the Board panel's decision was

rescinded and the case was referred to the Board panel for further consideration.

Initially, as before, we reject respondents' contention that the doctrine of collateral estoppel is not applicable to give conclusive effect to a finding in a workers' compensation proceeding with respect to an application for General Municipal Law benefits. Such determinations, when final, indeed become conclusive and binding with respect to determining General Municipal Law § 207-a benefits (*see, Matter of Delahunt v City of Oswego*, 222 AD2d 1078, *lv denied* 88 NY2d 801; *Matter of De John v Town of Frankfort*, 209 AD2d 938; *Matter of Fedorczak v Dolce*, 202 AD2d 668; *Matter of Crawford v Sheriffs' Dept., Putnam County*, 152 AD2d 382, *lv denied* 76 NY2d 704). We now hold, however, that the determination of the WCLJ here was not entitled to preclusive effect with regard to respondents inasmuch as such determination was not "final" because respondents had sought timely review pursuant to Workers' Compensation Law § 23 (*see, Matter of Donovan v Knickerbocker Warehousing Corp.*, 72 AD2d 870; Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 23, at 270). Moreover, the underlying determination is now clearly nonfinal inasmuch as the full Board has rescinded the Board panel's decision and referred the matter for further consideration.

Finally, we are satisfied that the record as a whole contains substantial evidence to support the Hearing Officer's determination that petitioner is not entitled to General Municipal Law benefits because his disability is not related to his duties as a firefighter. While we recognize that evidence exists to support a finding of causal relationship between petitioner's disability and the June 29, 1994 incident, following which he allegedly sustained a myocardial infarction, there is also medical evidence in the record to support a contrary conclusion, and it was within the Hearing Officer's exclusive authority to evaluate the conflicting medical evidence (*see, e.g., Matter of Longendyke v Regan*, 195 AD2d 695).

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.