■ In the Matter of the Claim of PATRICIA IMBRIANI, Appellant, v BERKAR KNITTING MILLS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [716 NYS2d 149] —Graffeo, J. Appeal from a decision of the Workers' Compensation Board, filed December 8, 1997, which ruled that the death of claimant's decedent was not causally related to his employment and denied her claim for workers' compensation benefits.

Decedent, a heavy smoker, was employed in the textile industry for 30 years. For the last five years of his career, he worked as a knitting machine operator at Berkar Knitting Mills (hereinafter the employer), a sweater manufacturer, where, throughout his 10-hour work shift, he was exposed to airborne cotton dust and fibers which accumulated on hard surfaces at the worksite at the rate of one inch per workday. In 1987, he began to experience excessive fatigue, shortness of breath and coughing. His physical condition rapidly deteriorated until July 1989, at which time he was no longer able to work. Decedent consulted with a specialist in pulmonology who diagnosed him with chronic advanced obstructive pulmonary disease, emphysema and byssinosis, a disease caused by the permanent deposit of cotton particulate in the lungs.

Decedent filed for workers' compensation benefits in August 1989. At the 1992 administrative hearing, the central issue was whether his totally disabling lung disease was attributable to workplace conditions. Decedent testified himself and presented the testimony of a physician who acknowledged that decedent had previously been a heavy smoker but attributed his total disability to pulmonary disease resulting from byssinosis caused by on-the-job exposure to cotton dust. Although decedent did not recall having been diagnosed previously with emphysema, the physician indicated that his notes suggested another physician might have made such a diagnosis in the early 1980s but there was no evidence that the condition had interfered with decedent's ability to work.

The employer offered contrary medical testimony from a physician who concluded that decedent's lung disease was most likely caused by prolonged exposure to cigarette smoke, not byssinosis. The Workers' Compensation Law Judge (hereinafter WCLJ) ruled that decedent was permanently totally disabled as a result of byssinosis caused by exposure to cotton dust in the workplace and awarded him workers' compensation benefits by notice of decision dated July 15, 1993. The employer did not appeal the decision.

When he died a year later, decedent's death certificate listed his cause of death as sudden cardiopulmonary arrest resulting from chronic obstructive pulmonary disease brought on by byssinosis. Claimant, decedent's widow, then filed for death benefits under Workers' Compensation Law § 16 and a hearing ensued before a different WCLJ.

At the hearing, claimant offered the testimony of Raymond Basri, decedent's treating physician from January 1989 until his death, who testified that, throughout this time period,

decedent had exhibited the classic symptoms of byssinosis. Conceding that decedent's heavy smoking, which ceased in 1989, might have made him more susceptible to the disease, Basri noted that decedent's symptoms were different from those of an individual suffering from emphysema brought on by smoking and concluded that byssinosis was the primary cause of the chronic pulmonary disease that led to his death.

In response, the employer attempted to challenge the finding that the lung disease was attributable to workplace conditions—precisely the same issue adjudicated in the 1992 hearing which resulted in a decision from which it had not appealed. Claimant objected, noting that the hearing should proceed on the assumption that decedent suffered from byssinosis, a compensable occupational disease, and the WCLJ sustained the objection. Nonetheless, the employer was allowed to offer some evidence relating to causation, ostensibly to provide a foundation for its expert's testimony.

Donald Berman, a physician who had reviewed decedent's medical records and had examined decedent on one occasion, opined that decedent's "chronic smoking history, signs and symptoms of chronic obstructive pulmonary disease contributed to a materially, substantially greater morbidity than that which would have been seen from byssinosis exposure alone." As no autopsy was performed, Berman found the diagnosis of byssinosis to be "speculative." On cross-examination, Berman acknowledged that he had indicated in a prior written report that decedent "had evidence of established byssinosis" and that byssinosis was a contributing factor in his death.

In a memorandum of decision dated February 2, 1997, quoting extensively from a medical encyclopedia which indicated that byssinosis is caused by exposure to dust produced during the processing of raw cotton, the WCLJ ruled that decedent "may never have had byssinosis for he was never exposed to raw, unprocessed cotton, only already processed, woven cotton yarns and even if he had byssinosis, without an autopsy, the case lacks substantial evidence that byssinosis was the cause or contributing cause of [decedent's] death." Claimant pursued an administrative appeal, asserting, among other objections, that the reversal of the previous byssinosis finding was arbitrary and unfair because the WCLJ had indicated at the hearing that the case would proceed on the basis that decedent suffered from byssinosis and claimant's presentation of her case was tailored to that presumption. The Workers' Compensation Board affirmed the decision and claimant appealed to this Court. We now reverse.

While it is well settled that deference is owed to administrative decisions which are supported by substantial evidence in the record, it is also clear that reversal is warranted where procedural or other infirmities render the determination arbitrary and capricious or unsupported by substantial evidence (*see, Matter of Sullivan v Paul Smith's Coll.*, 265 AD2d 767; *Matter of Russo v HRT, Inc.*, 246 AD2d 933, *lv denied* 91 NY2d 815). Such is the case here.

First, we find it was arbitrary and capricious for the WCLJ to, in effect, reverse the prior determination by finding the diagnosis of byssinosis to have been speculative. Claimant reasonably relied on the WCLJ's indication at the hearing that the occupational disease determination would not be revisited in the death benefit proceeding. Moreover, as the employer did not appeal from the prior decision, the byssinosis finding was final and binding as against the employer (*see*, Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 23, at 270; *see generally, Matter of Furch v Bucci*, 254 AD2d 642, 643, *lv dismissed and denied* 93 NY2d 833), and no newly discovered evidence or other circumstances were present which justified providing the employer a second opportunity to litigate the issue.

Nor were the infirmities in the WCLJ's determination remedied in the Board's decision, which wholly failed to address claimant's procedural objection. It is well settled that the existence of a nondisabling preexisting condition will not preclude the grant of workers' compensation benefits under an occupational disease theory (*see, Matter of Jarvis v Stewart Airport Diner*, 271 AD2d 816). Nor does such a prior diagnosis prevent recovery of workers' compensation death benefits as the work-related illness need not be the sole or even the most direct cause of death, provided that the claimant demonstrates that the compensable illness was a contributing factor in the decedent's demise (*see, Matter of Altes v Petrocelli Elec. Co.*, 270 AD2d 767; *Matter of Losso v Tesco Traffic Servs.*, 248 AD2d 812; *see also, Matter of Freer v New Process Gear*, 237 AD2d 869).

It was undisputed at the death benefit hearing that decedent's death was a direct result of his pulmonary disease, and not due to an unrelated illness or accident. Claimant proffered the testimony of decedent's treating physician who asserted that byssinosis was the prevalent factor in decedent's pulmonary disease, which was the cause of his death. In response, the employer relied upon the testimony of Berman, who had indicated in a written report that byssinosis was a contributing

factor in decedent's death and who did not clearly contradict that opinion at the hearing. Rather, he stated that decedent's "chronic smoking history, signs and symptoms of chronic obstructive pulmonary disease contributed to a materially, substantially greater morbidity than that which would have been seen from byssinosis exposure alone." As the Board is not empowered to "fashion a medical opinion of its own" (*Matter of Sullivan v Sysco Corp.*, 199 AD2d 849, 851), we conclude that the Board's finding that decedent's death was wholly unrelated to his compensable byssinosis lacks record support. In addition, to the extent that such a conclusion could be inferred from certain of Berman's remarks, a review of the record demonstrates that this opinion was largely, if not wholly, based on a belief that decedent never suffered from byssinosis in the first place. Crediting the initial finding that decedent suffered from a compensable occupational disease, as fairness requires given the employer's failure to appeal from that decision, we conclude that the Board's determination is arbitrary, capricious and unsupported by substantial evidence in the record.

We have considered the remaining contentions of the parties and, to the extent that they are not addressed, we find them to be without merit.

Mercure, J. P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.