In the Matter of the Claim of JANE LINCOLN, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [848 NYS2d 418]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed September 8, 2006, which ruled that the death of

claimant's decedent was not causally related to his employment and denied her claim for workers' compensation death benefits.

Claimant's husband (hereinafter decedent), a heavy smoker, worked as a meter reader for approximately 30 years before retiring in 1998. That year, a workers' compensation disability claim was established for decedent for asbestosis and, later, a second claim was established for lung cancer. After decedent died of lung cancer in 2002, claimant submitted a claim for workers' compensation death benefits. A Workers' Compensation Law Judge denied the claim, finding that the lung cancer was caused by decedent's cigarette smoking rather than exposure to asbestos. Finding no credible medical evidence that decedent's exposure to asbestos contributed to his death, the Workers' Compensation Board affirmed. Claimant appeals and we reverse.

Although the Board's authority in resolving medical questions includes the power to selectively accept or reject portions of a medical expert's opinion, it may not totally reject uncontroverted medical testimony on the issue of causation and thereby fashion a medical opinion of its own (see Matter of Sullivan v Sysco Corp., 199 AD2d 849, 851 [1993]; Matter of Doersam v Oswego County Dept. of Social Servs., 171 AD2d 934, 936-937 [1991], affd 80 NY2d 775 [1992]; Matter of Smith v Bell Aerospace, 125 AD2d 140, 142-143 [1987]). Here, after carefully distinguishing exposure to asbestos from the chronic medical condition of asbestosis, the physician who testified for claimant opined that while asbestosis was not a cause of decedent's death, it was proof of his exposure to asbestos and such exposure was a significant cause of the lung cancer that did cause his death. The Board rejected this testimony.

The employer's oncologist, who was the only other medical expert to testify, opined that decedent's death was due to lung cancer caused primarily, but not exclusively, by smoking cigarettes. The Board construed the oncologist's testimony as acknowledging "that less than five percent of the decedent's fatal lung cancer could be attributed to asbestos exposure,"* but nonetheless chose to conclude that asbestos exposure did not contribute to decedent's death because, in its view, the exposure had been minimal. Since the Board rejected uncontroverted medical testimony on the issue of causation, it improperly

---

* The oncologist actually testified that asbestosis was the contributing factor quantified at less than 5%. However, even if the Board had accurately recited this testimony, the record would still be void of any expert testimony disputing the opinion of claimant's physician that exposure to asbestos contributed to decedent's death.

" 'fashion[ed] a medical opinion of its own' " by concluding that there could be no causal connection between decedent's exposure to asbestos and his death (*Matter of Imbriani v Berkar Knitting Mills*, 277 AD2d 727, 731 [2000], quoting *Matter of Sullivan v Sysco Corp.*, 199 AD2d at 851). Inasmuch as the Board's determination to deny the claim is unsupported by the record, it cannot stand.

Cardona, P.J., Crew III, Mugglin and Kane, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.