■ In the Matter of the Claim of JAMES PAVONE, Respondent, v ADVANCE AUTO PARTS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [912 NYS2d 771]—

---

Malone Jr., J. Appeal from a decision of the Workers' Compensation Board, filed April 28, 2009, which ruled that claimant sustained a causally related occupational disease.

Claimant filed a claim for workers' compensation benefits, alleging that he had sustained a back injury as a result of lifting and loading automobile parts and supplies while working as a delivery person for the employer. The employer's workers' compensation carrier disputed the claim and, following a hearing, a workers' compensation law judge disallowed the claim. The Workers' Compensation Board reversed that decision, and this appeal ensued.

Although there is conflicting testimony in the record regarding the nature and frequency of the deliveries, lifting and loading that claimant performed, we accord deference to the Board's credibility determinations and its resolution of conflicting evidence (*see Matter of Pappas v State Univ. of N.Y. at Binghamton,* 53 AD3d 941, 943 [2008]). These discrepancies were explored at the hearing and, according to claimant's treating physician, they did not affect his medical opinion that claimant suffered a work-related injury. Notably, the physician who performed the independent medical examination also concluded that claimant's back injury was causally related to his employment. Thus, considering "the unanimous opinion of the experts on the issue of causation," which was consistent with the evidence in the record, we find the Board's determination to be supported by substantial evidence (*Matter of Doersam v Oswego County Dept. of Social Servs.,* 171 AD2d 934, 936 [1991], *affd* 80 NY2d 775 [1992]; *see Matter of Lincoln v Consolidated Edison Co. of N.Y., Inc.,* 46 AD3d 1176, 1177 [2007]).

Finally, we note that the Board returned the case to the hearing calendar and specifically provided the carrier with an opportunity to have claimant reexamined with the benefit of all of his medical records. As such, the carrier's contention that it is entitled to conduct a second independent medical examination is academic.

Mercure, J.P., Peters, Rose and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.