In the Matter of the Claim of PATRICIANNE PACATTE, Respondent, v SUNY COBLESKILL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [930 NYS2d 98]—

McCarthy, J.

James Pacatte (hereinafter decedent) was employed as a maintenance supervisor and died as the result of chronic obstructive pulmonary disease and lung cancer in 2007. Claimant, decedent's wife, filed the present claim for workers' compensation death benefits, asserting that his lung conditions resulted from exposure to asbestos and other substances in the course of his employment. At the ensuing prehearing conference, claimant's attorney alleged that she had not been served with the prehearing conference statement of the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) as required (*see* Workers' Compensation Law § 25 [2-a]; 12 NYCRR 300.38 [f] [1]). A Workers' Compensation Law Judge (hereinafter WCLJ) agreed, held that the employer had accordingly waived its defenses to the claim, and found that decedent had suffered a work-related injury that contributed to his death (*see* 12 NYCRR 300.38 [f] [4]). The Board affirmed, and the employer appeals.

While we have examined and are unpersuaded by the bulk of the employer's arguments, we agree that substantial evidence does not support the Board's finding that decedent's death was causally related to his employment.* The waiver of defenses arising from a failure to comply with the filing and service requirements of 12 NYCRR 300.38 (f) did not relieve claimant of her initial obligation to show that a "compensable illness was a contributing factor in the decedent's demise" (*Matter of Imbriani v Berkar Knitting Mills*, 277 AD2d 727, 730 [2000]; *see Matter of Smith v Albany County Sheriff's Dept.*, 82 AD3d 1334, 1334 [2011], *lv dismissed* 17 NY3d 770 [2011]; *Matter of Coleman v Schenectady County Dept. of Social Servs.*, 80 AD3d 837, 838 [2011]). While a medical opinion is sufficient to establish that causal relationship, the opinion "must signify 'a prob-

* Contrary to claimant's contention, the employer's failure to appeal from an earlier decision of the WCLJ purporting to find a causally related injury does not place this issue beyond our review. The record indicates that the WCLJ did not intend to, and did not, finally resolve the issue of causation at that time.

ability as to the underlying cause' of the [decedent's] injury which is supported by a rational basis" (*Matter of Mayette v Village of Massena Fire Dept.*, 49 AD3d 920, 922 [2008], quoting *Matter of Paradise v Goulds Pump*, 13 AD3d 764, 765 [2004]; *see Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539, 539 [1993]).

Here, decedent's death certificate, which was certified by his primary care physician, states that his death resulted from chronic obstructive pulmonary disease caused by tobacco use and "*possible* occupational exposure," with lung cancer playing a contributory role (emphasis added). Decedent's physician also submitted a letter in which she stated that decedent was exposed to environmental factors during his employment that "could" have played a role in causing his lung conditions. She did not opine whether those factors probably or actually contributed, however, and instead referred specific questions regarding causation to decedent's pulmonologist and oncologist. Inasmuch as these equivocal statements amounted to "mere surmise, or general expressions of possibility" that cannot "support a finding of causal relationship," we reverse (*Matter of Ayala v DRE Maintenance Corp.*, 238 AD2d 674, 675 [1997], *affd* 90 NY2d 914 [1997]; *see Matter of Marcera v Delco Prods., Div. of Gen. Motors Corp.*, 218 AD2d 888, 889-890 [1995], *lv dismissed* 87 NY2d 896 [1995], *lv denied* 88 NY2d 804 [1996]).

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.