■ In the Matter of the Claim of BOBBY C. MAYE, Appellant, v ALTON MANUFACTURING, INC., Respondent, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [933 NYS2d 921]—

**Workers' Compensation—Extent of Disability**

Rose, J.P.

Claimant bears the burden of establishing that a causal relationship exists between his injury and his employment (*see Matter of Norton v North Syracuse Cent. School Dist.*, 59 AD3d 890, 890 [2009]). Here, claimant relied on the medical report of his treating otalaryngologist, who stated unequivocally that "[claimant's] hearing loss is 100% causally related to his job." This opinion, based on a 2007 examination of claimant, specifically noted the lack of any causes of his hearing loss that were unrelated to his employment. The medical opinion of claimant's treating physician was neither speculative nor a general expression of possibility (*see e.g. Matter of Benjamin v Sprint/Nextel*,

67 AD3d 1277, 1278 [2009]; *Matter of Dechick v Auburn Correctional Facility*, 38 AD3d 1094, 1095 [2007]), and it "signif[ies] a probability as to the underlying cause of the claimant's injury which is supported by a rational basis" (*Matter of Mayette v Village of Massena Fire Dept.*, 49 AD3d 920, 922 [2008] [internal quotation marks and citation omitted]; *see Matter of Benjamin v Sprint/Nextel*, 67 AD3d at 1278). Inasmuch as there was no conflicting medical evidence presented here, the Board's rejection of the treating physician's uncontroverted medical opinion on causation was improper (*see Matter of Shkreli v Initial Contract Servs.*, 55 AD3d 1067, 1070 [2008]; *Matter of Lincoln v Consolidated Edison Co. of N.Y., Inc.*, 46 AD3d 1176, 1177-1178 [2007]; *Matter of Sullivan v Sysco Corp.*, 199 AD2d 849, 851 [1993]).

Lahtinen, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the amended decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.