Lahtinen, J.
Appeal from a decision of the Workers’ Compensation Board, filed January 3, 2011, which ruled that claimant sustained a compensable injury.
Claimant worked for the employer as a laborer, delivering and installing marble floors. On March 5, 2007, claimant experienced dizziness and saw lights while straining to carry a heavy marble floor up a flight of stairs with coworkers. Claimant went to the hospital later that day complaining of headaches and blurry vision. In July 2007, claimant underwent a craniotomy to relieve pressure from a blood clot and he had a shunt placed in his head. While he was able to return to work on light duty for a brief period, claimant ceased working in November 2007 and thereafter filed a claim for workers’ compensation benefits. The employer and its workers’ compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim and, following proceedings, a Workers’ Compensation Law Judge found that a work-related accident had occurred on March 5, 2007 of which the employer had notice, but that claimant failed to establish a causal relationship. The Workers’ Compensation Board reversed, finding that a causal relationship had been established. The carrier now appeals.
We affirm. To establish a claim for workers’ compensation benefits, a claimant bears the burden of demonstrating a causal relationship between the claimed injury and his or her employment (see Matter of Bland v Gellman, Brydges & Schroff, 100 AD3d 1289, 1291 [2012], lv dismissed 20 NY3d 1055 [2013]; Matter of Maye v Alton Mfg., Inc., 90 AD3d 1177, 1177 [2011]). The Board, in turn, “ ‘is vested with the discretion to assess the credibility of medical witnesses and its resolution of such issues is to be accorded great deference, particularly with respect to issues of causation’ ” (Matter of Roberts v Waldbaum’s, 98 AD3d *999 1211, 1211 [2012], quoting Matter of Peterson v Suffolk County Police Dept., 6 AD3d 823, 824 [2004]). Toward that end, a medical opinion relied upon by the Board “must signify ‘a probability as to the underlying cause’ of the claimant’s injury which is supported by a rational basis” (Matter of Mayette v Village of Massena Fire Dept., 49 AD3d 920, 922 [2008], quoting Matter of Paradise v Goulds Pump, 13 AD3d 764, 765 [2004]; accord Matter of Maye v Alton Mfg., Inc., 90 AD3d at 1177-1178).
Here, the record demonstrates that claimant experienced dizziness on March 5, 2007 while lifting a heavy object at work which caused him to visit the hospital later that day and be absent from work thereafter. Larry Neuman, claimant’s treating physician as of July 2008, testified that, based upon information provided by claimant, as well as physical examinations, diagnostic testing and the findings of other physicians in his practice, it was his opinion that the heavy lifting and increased cranial pressure on March 5, 2007 was the competent producing cause of a stroke and cervical radiculopathy suffered by claimant. Similarly, physician Spencer Golden, who also began treating claimant in July 2008, testified that claimant likely had experienced a hemorrahagic stroke as indicated by the type of shunt that had been placed, as well as a report of hydrocephalus. Golden further explained that such events are usually caused by straining or heavy lifting. Golden diagnosed claimant with a marked to total disability as a result of, among other things, cervical radiculopathy and his status post-cerebrovascular accident and stated unequivocally that claimant’s injuries were causally related to his work accident. Notably, when confronted with the possibility that claimant may have reported dizziness and underwent blood clot screening prior to March 5, 2007, Golden stated that such information would not change his opinion as to whether claimant experienced a stroke on that date or whether his subsequent condition was causally related. Accordingly, and particularly in light of the carrier’s failure to produce any conflicting medical evidence, we find that the Board’s decision is supported by substantial evidence (see Matter of Roberts v Waldbaum’s, 98 AD3d at 1212; see e.g. Matter of Maye v Alton Mfg., Inc., 90 AD3d at 1177-1178; Matter of Shkreli v Initial Contract Servs., 55 AD3d 1067, 1070 [2008]).
Rose, J.E, Stein and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.