*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 30, 2016                    519936
_____

In the Matter of the Claim of
    URSULA MELLIES,
                    Respondent,

        v

CONSOLIDATED EDISON CO. of
    N.Y., INC. et al.,                    MEMORANDUM AND ORDER
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  June 1, 2016

Before:  Peters, P.J., Garry, Rose, Mulvey and Aarons, JJ.

                    _____

        Cherry, Edson & Kelly, LLP, Carle Place (David W. Faber of
counsel), for appellants.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Segall of counsel), for Workers' Compensation Board,
respondent.

                    _____

Mulvey, J.

        Appeal from a decision of the Workers' Compensation Board,
filed January 8, 2014, which ruled that decedent's death was
causally related to his employment and awarded workers'
compensation death benefits.

        Wolfgang Mellies (hereinafter decedent) established a work-
related injury for asbestosis in 1996, was classified permanently
partially disabled and was awarded workers' compensation

benefits.  In 2010, decedent, who suffered from numerous medical maladies, including type 2 diabetes, coronary artery disease and end-stage renal failure, underwent surgery for a condition unrelated to the asbestosis.  While still in the hospital, decedent suffered congestive heart failure, required an additional surgery for an infected gallbladder, developed pneumonia and died.  The death certificate indicated respiratory failure as the cause of death.  Claimant, decedent's widow, filed for workers' compensation death benefits.  The Workers' Compensation Law Judge credited the medical opinion of claimant's expert regarding causation between decedent's death and his asbestosis occupational disease.  The Workers' Compensation Board affirmed.  The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) now appeal.

The employer contends that the Board improperly based its finding of causal relationship upon the testimony of claimant's medical expert, Lester Ploss, as it was speculative and not supported by a rational basis.  We disagree.  It is well settled that "[t]he Board is vested with the discretion to assess the credibility of medical [proof] and its resolution of such issues is to be accorded great deference, particularly with respect to issues of causation" (Matter of Manka v Goodyear Tire & Rubber Co., 123 AD3d 1172, 1173 [2014] [internal quotation marks and citation omitted], lv denied 25 NY3d 909 [2015]; see Matter of Krietsch v Northport-East Northport UFSD, 116 AD3d 1255, 1257 [2014]; Matter of Roberts v Waldbaum's, 98 AD3d 1211, 1211 [2012]).  Here, Ploss, an internist specializing in pulmonary disease, reviewed decedent's records and testified that decedent's death was directly due to his numerous medical maladies but that his asbestosis occupational disease was nevertheless a contributing factor.  Specifically, Ploss noted that X rays taken at the hospital showed decedent's reduced lung volume and a collapsed lower left lobe, which Ploss testified was as a result of the asbestosis.  Although there was no evidence that decedent received medical treatment for the asbestosis after 1996, Ploss testified that asbestosis is a progressive disease that causes significant restrictive lung disease.  This, along with decedent's calcified pleura resulting from the asbestosis, restricted the expansion of his lungs.  Ploss opined that this

significant respiratory insufficiency was caused by the asbestosis and restricted the expansion of decedent's lungs, thereby contributing to decedent's respiratory failure and death. Notwithstanding medical testimony to the contrary, Ploss' medical opinion was supported by a rational basis and, therefore, the Board's decision will not be disturbed (see Matter of Krietsch v Northport-East Northport UFSD, 116 AD3d at 1257; Matter of Owoc v Syracuse Univ., 301 AD2d 765, 766 [2003], lv denied 100 NY2d 501 [2003]).

Finally, we find no compelling reason to overrule our precedent that "the work-related illness need not be the sole or even the most direct cause of death, provided that the claimant demonstrates that the compensable illness was a contributing factor in the decedent's demise" (Matter of Imbriani v Berkar Knitting Mills, 277 AD2d 727, 730 [2000]; see Matter of Smith v Oneida Ltd., 119 AD3d 1021, 1021 [2014]; Matter of Pacatte v SUNY Cobleskill, 87 AD3d 1262, 1262 [2011]; Matter of Droogan v Raymark Indus., Inc., 59 AD3d 803, 804 [2009]).

Peters, P.J., Garry, Rose and Aarons, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court