■ In the Matter of the Claim of TYLER LOVEGROVE, Appellant, v REGIONAL FOOD BANK OF NORTHEASTERN NY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [50 NYS3d 610]—

Mulvey, J. Appeal from a decision of the Workers' Compensation Board, filed June 5, 2015, which ruled that claimant did not sustain a further causally-related disability.

In July 2013, claimant was struck in the back with a tall pallet that was being carried by a forklift and, while pinned against the pallet, it was raised upwards to his shoulder blades. Claimant's application for workers' compensation benefits was established for an injury to his lower back. Thereafter, claimant sought to amend the claim to include a causally-related injury to his right shoulder blade area. Following a hearing and the submission of medical testimony and documentation, the Workers' Compensation Law Judge found that claimant did not meet his burden of producing competent medical evidence to support his claim for a further causally-related injury to his right shoulder. The Workers' Compensation Board affirmed and this appeal ensued.

"Although the Board's authority in resolving medical questions includes the power to selectively accept or reject portions of a medical expert's opinion, it may not totally reject uncontroverted medical testimony on the issue of causation and thereby fashion a medical opinion of its own" (*Matter of Lincoln v Consolidated Edison Co. of N.Y., Inc.*, 46 AD3d 1176, 1177 [2007] [citations omitted]; *see Matter of Norton v North Syracuse Cent. School Dist.*, 59 AD3d 890, 891 [2009]). Here, the orthopedic surgeon who treated claimant unequivocally testified that, to a reasonable degree of medical certainty, the injury to the right shoulder blade area was causally related to the accident. This medical opinion was based upon claimant's description of the accident that the shoulder blade area was involved in the incident as reported at his initial orthopedic visit, as well as the absence of any intervening or prior injury to that area. Such testimony was not speculative, and a review of the independent medical examiner's testimony does not present any conflicting medical evidence with regard to causality. Specifically, the independent medical examiner testified that he was unable to definitively causally relate the right shoulder area injury to the accident based upon the limited medical documentation of shoulder pain complaints, but noted that it was plausible that the shoulder injury was causally related given the description of the accident that the muscle strain to the right shoulder area resulted from the accident. In view of the foregoing, the Board improperly rejected the treating orthopedic surgeon's uncontroverted medical opinion as to causation (*see Matter of Maye v Alton Mfg., Inc.*, 90 AD3d 1177, 1178 [2011]; *Matter of Lincoln v Consolidated Edison Co. of*

*N.Y., Inc.*, 46 AD3d at 1177-1178). As such, the Board's decision must be reversed.

Peters, P.J., Lynch, Rose and Devine, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.