Matter of Love v Village of Pleasantville (2018 NY Slip Op 03794)





Matter of Love v Village of Pleasantville


2018 NY Slip Op 03794


Decided on May 24, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 24, 2018

525818

[*1]In the Matter of the Claim of RICHARD LOVE, Respondent,
v
VILLAGE OF PLEASANTVILLE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 1, 2018

Before: Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ.


Law Offices of Lois Law Firm, New York City (Jeremy Janis of counsel), for appellants.
Law Firm of Alex C. Dell, PLLC, Albany (Courtney E. Holbrook of counsel), for Richard Love, respondent.
Barbara D. Underwood, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.


McCarthy, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed January 3, 2017, which ruled, among other things, that the employer and its workers' compensation carrier waived their defenses to the claim.
Claimant, the employer's police chief, sought workers' compensation benefits in connection with injuries sustained in a motor vehicle accident. On April 22, 2016, the employer and its workers compensation carrier (hereinafter collectively referred to as the carrier) controverted the claim by filing a prehearing conference statement, which it served on claimant and a law firm that did not represent claimant. On the same day, claimant's counsel filed with the Workers' Compensation Board, and served on the carrier, an attorney/representative certification indicating that he had been retained by claimant. A notice of a scheduled prehearing conference date was sent to the parties, which indicated that a copy was sent to claimant's counsel and included its address. The carrier filed an amended prehearing conference statement a day before [*2]the conference hearing, again serving claimant and a law firm that did not represent claimant. Ultimately, the Board ruled, among other things, that the carrier waived its defenses to the claim because it did not serve a prehearing conference statement on claimant's counsel. The carrier appeals.
We affirm. Workers' Compensation Law § 25 (2-a) (d) requires that a prehearing conference statement be filed 10 days prior to the conference — which directive is also set forth in 12 NYCRR 300.38 (f) (1) and in the notice of prehearing conference sent to the parties by the Board. "Failure by the insurance carrier to timely serve upon all other parties . . . the [prehearing] conference statement . . . shall result in a waiver of defenses to the claim" (12 NYCRR 300.38 [f] [4]; see generally Matter of Pacatte v SUNY Cobleskill, 87 AD3d 1262, 1262 [2011]). Here, not only was the amended prehearing conference statement not filed within the requisite statutory time period, the carrier also did not serve claimant's counsel with either prehearing conference statement nor attempt to correct its erroneous service upon the wrong law firm. We find unpersuasive the carrier's assertion that, because there was no prejudice to claimant, its failure to properly serve claimant's counsel should be excused. Such conduct can only be excused where the legal representative of the insurance carrier submits an affidavit that the error was due to good cause and that the insurance carrier exercised good faith and due diligence (see 12 NYCRR 300.38 [f] [4]). Here, no such affidavit was submitted. In view of the foregoing, we find no reason to disturb the Board's finding that the carrier waived its defenses to the claim by failing to properly serve claimant's counsel.
Garry, P.J., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.