Matter of Murphy v New York State Cts. (2022 NY Slip Op 00087)





Matter of Murphy v New York State Cts.


2022 NY Slip Op 00087


Decided on January 6, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 6, 2022

532023
[*1]In the Matter of the Claim of Theresa Murphy, Appellant,
v
New York State Courts et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:December 16, 2021

Before:Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Tanisha S. Edwards, State Insurance Fund, Albany (Gabriel Colon of counsel), for New York State Courts and another, respondents.



Garry, P.J.
Appeals (1) from a decision of the Workers' Compensation Board, filed July 7, 2020, which ruled that decedent's death was not causally related to his employment and denied claimant's claim for workers' compensation death benefits, and (2) from a decision of said Board, filed September 2, 2020, which denied claimant's request for reconsideration and/or full Board review.
Following the September 11, 2001 terrorist attacks on the World Trade Center, decedent, a court officer employed by the New York State Courts, participated in the World Trade Center rescue, recovery and cleanup operations from September 2001 through February 2002. In January 2015, decedent was diagnosed with metastatic squamous cell carcinoma, and he thereafter registered his participation in the World Trade Center rescue, recovery and cleanup operations in April 2017 (see generally Workers' Compensation Law art 8-A). On November 20, 2017, decedent died of squamous cell carcinoma of the lung. In January 2019, claimant, decedent's surviving spouse, filed a claim for death benefits (form C-62), alleging that decedent developed squamous cell carcinoma of the lung as a result of his exposure at the World Trade Center site. The employer and its workers' compensation carrier, the State Insurance Fund, controverted the claim. Following hearings and the deposition of Lester Ploss, a physician and independent medical examiner who, among other things, reviewed decedent's medical records and history, a Workers' Compensation Law Judge established the death benefits claim, finding that decedent's death was causally related and that the claim fell within the purview of Workers' Compensation Law article 8-A.[FN1] Although there was cross-examination of Ploss, no contradictory medical evidence was offered. Upon administrative review, the Workers' Compensation Board reversed and disallowed the claim, finding that there is insufficient credible medical evidence of a causally-related death and the absence of a credible explanation regarding the existence of a causal relationship. Claimant's subsequent application for reconsideration and/or full Board review was denied. Claimant appeals from both decisions.
It is well settled that "claimant bore the burden of establishing — by competent medical evidence — that a causal connection existed between decedent's death and his employment" (Matter of Turner v New York State Dept. of Corr. & Community Supervision, 187 AD3d 1301, 1302 [2020] [internal quotation marks and citation omitted]; see Matter of Herris v United Parcel Serv., Inc., 196 AD3d 977, 977 [2021]; Matter of Webb v Cooper Crouse Hinds Co., 62 AD3d 57, 59 [2009]). As to causation, "'the work-related illness need not be the sole or even the most direct cause of death, provided that the claimant demonstrates that the compensable illness was a contributing factor in the decedent's demise'" (Matter of Mellies v Consolidated Edison Co. of N.Y., Inc., 140 AD3d 1543, 1544 [2016], quoting Matter [*2]of Imbriani v Berkar Knitting Mills, 277 AD2d 727, 730 [2000]; see Workers' Compensation Law § 16; Matter of Hroncich v Con Edison, 21 NY3d 636, 639 [2013] [explaining that death benefits are permitted "when a work-related injury or disease 'causes death,' which the Appellate Division has interpreted to mean 'contributes to death'" (internal quotation marks and citation omitted)]). "In reviewing a Board decision concerning the medical question of causality, we will look to the record to determine whether, read as a totality, it contains substantial and adequate opinion evidence to support the Board's finding" (Matter of Rossi v Albert Pearlman Inc., 188 AD3d 1362, 1363 [2020] [internal quotation marks and citations omitted]; see Matter of Gallo v Village of Bronxville Police Dept., 120 AD3d 849, 850 [2014]). "Although the Board's authority in resolving medical questions includes the power to selectively accept or reject portions of a medical expert's opinion, it may not totally reject uncontroverted medical testimony on the issue of causation and thereby fashion a medical opinion of its own" (Matter of Lincoln v Consolidated Edison Co. of N.Y., Inc., 46 AD3d 1176, 1177 [2007] [citations omitted]; accord Matter of Lovegrove v Regional Food Bank of Northeastern NY, 148 AD3d 1434, 1435 [2017]).
The record reflects that, following the attack on the World Trade Center, decedent spent numerous days and nights at the World Trade Center site without using a protective respiratory device while working as a member of a "bucket brigade" searching for, among other items, lost persons and body parts. For several months following the attack, decedent also spent his nights near the World Trade Center site sleeping on cots that were provided by the federal government's Office of Emergency Management. Ploss, an internist specializing in pulmonary disease who interviewed claimant and reviewed decedent's records to conduct an independent medical examination, concluded, to a reasonable degree of medical certainty, that the prolonged inhalation of and exposure to toxic fumes, debris, metals and carcinogens while working at the World Trade Center site was a significant factor contributing to decedent's death. In his testimony, Ploss acknowledged that decedent's longstanding use of tobacco and potential exposure to fumes during his work as a volunteer firefighter for 23 years were contributing factors to his lung cancer and death; however, Ploss testified that decedent's death was 80% related to his toxic exposure at the World Trade Center site and 20% related to decedent's smoking and exposure as a volunteer firefighter.
The Board found the opinion of Ploss to be incredible in part because he did not "cite to any studies or other evidence to sufficiently explain his opinion regarding causation." However, Ploss opined that "[i]t is well accepted that the numerous carcinogens contained in the debris of th[e] highly polluted area known as Ground Zero could cause [*3]numerous malignancies such as cancer of the lungs." As claimant asserts, the question of whether such studies supported the doctor's findings could have been raised at the hearing, but was not. Ploss further testified that the toxic exposure at Ground Zero that decedent experienced was intense and concentrated given his prolonged exposure and lack of respiratory protection and that such exposure would have resulted in damage to decedent's bronchial tree and lung tissue. In our view, the medical opinion of Ploss was neither speculative nor a general expression of possibility and demonstrated that decedent's exposure at Ground Zero and the World Trade Center site was a contributing factor to his demise for purposes of causation. In view of the foregoing, the Board improperly rejected Ploss' uncontroverted medical opinion as to causation (see Matter of Maye v Alton Mfg., Inc., 90 AD3d 1177, 1178 [2011]; Matter of Lincoln v Consolidated Edison Co. of N.Y., Inc., 46 AD3d at 1177-1178; see also Matter of Amoroso v Tubular & Cast Prods. Mfg. Co., 13 NY2d 992, 994-995 [1963, Foster, J., dissenting]). Accordingly, the Board's decision must be reversed.
In view of the foregoing, claimant's appeal from the Board's denial of her application for reconsideration and/or full Board review is rendered academic.
Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision filed July 7, 2020 is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.
ORDERED that the appeal from the decision filed September 2, 2020 is dismissed, as academic.



Footnotes

Footnote 1: "Workers' Compensation Law article 8-A was enacted 'to remove statutory obstacles to timely claims filing and notice for latent conditions resulting from hazardous exposure for those who worked in rescue, recovery or cleanup operations following the World Trade Center September 11th, 2001 attack'" (Matter of Williams v City of New York, 66 AD3d 1203, 1204 [2009], quoting Senate Mem in Support, 2006 McKinney's Session Laws of NY at 1915; accord Matter of Bodisch v New York State Police, 195 AD3d 1274, 1276 [2021]). The applicability of this provision is undisputed here.