Matter of McGann v Suffolk County Water Auth. (2025 NY Slip Op 06375)

Matter of McGann v Suffolk County Water Auth.

2025 NY Slip Op 06375

Decided on November 20, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 20, 2025

CV-24-1249
[*1]In the Matter of the Claim of Frank McGann, Appellant,
v
Suffolk County Water Authority et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 17, 2025

Before:Clark, J.P., Pritzker, Lynch, Powers and Mackey, JJ.

Miller & Caggiano, LLP, Bohemia (Vanessa Cruz of counsel), for appellant.
Vecchione, Vecchione & Cano, LLP, Garden City Park (Michael F. Vecchione of counsel), for Suffolk County Water Authority and another, respondents.

Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed May 17, 2024, which, among other things, ruled that claimant failed to establish an occupational disease and denied his claim for workers' compensation benefits.
Claimant worked for the employer for 32 years and, after retiring in May 2021 from his job as a senior meter reader, he sought medical treatment for bilateral tingling and pain in his hands and wrists, reporting that such condition progressed over the last two years of his employment. Ultimately, claimant was diagnosed with bilateral carpal tunnel syndrome, which his treating physician, Harold Avella, opined was causally-related to his employment. In December 2021, claimant filed a claim for workers' compensation benefits, alleging that, as a result of the repetitive use of his hands and wrists while performing his job duties, he sustained an occupational disease of bilateral carpal tunnel syndrome. Steven Goodman, the orthopedic consultant for the self-insured employer (hereinafter SIE), initially found no causal relationship between claimant's injuries and his employment; however, after being provided with additional medical records, including the electromyography test results, and reexamining claimant, Goodman opined that claimant's bilateral carpal tunnel syndrome was causally-related to his employment.
The SIE controverted the claim and, at the ensuing hearing, claimant and a manager employed with the SIE testified regarding, among other things, claimant's job duties. At the conclusion of that hearing, the SIE raised issues pursuant to Workers' Compensation Law § 114-a, alleging that claimant failed to disclose to Avella or Goodman that, following his retirement, he started playing pickleball. In addition, upon the SIE's request, the Workers' Compensation Law Judge (hereinafter WCLJ) directed that the parties produce an addendum to the medical opinions regarding causal relationship based upon the hearing testimony pertaining to claimant's pickleball activities and work duties. Avella and Goodman — neither of whom testified — subsequently submitted addendums to their medical reports, reaffirming their opinions that claimant's carpal tunnel was causally-related to his employment duties.
Thereafter, the WCLJ, among other things, established the claim for an occupational disease involving bilateral carpal tunnel syndrome. Upon administrative appeal, the Workers' Compensation Board, in a decision filed May 17, 2024, reversed, finding that there was insufficient credible medical evidence to support a finding of an occupational disease claim of bilateral carpal tunnel syndrome which is causally-related to claimant's employment. Claimant's subsequent application for reconsideration and/or full Board review was denied. Claimant appeals from the Board's May 17, 2024 decision.
"Although the Board's authority in resolving medical questions includes the power to selectivity accept or reject portions of a medical expert's opinion[*2], it may not totally reject uncontroverted medical testimony on the issue of causation and thereby fashion a medical opinion of its own" (Matter of Lincoln v Consolidated Edison Co. of N.Y., Inc., 46 AD3d 1176, 1177 [3d Dept 2007] [citations omitted]; accord Matter of Murphy v New York State Cts., 201 AD3d 1072, 1073 [3d Dept 2022]; Matter of Lovegrove v Regional Food Bank of Northeastern NY, 148 AD3d 1434, 1435 [3d Dept 2017]). In rejecting the concurring medical opinions here, the Board found that Avella's opinion was based upon claimant's reported history that was not credible, complete or consistent as to the onset of symptoms and the frequency of the offending work duties. The Board also rejected Goodman's opinion, noting that claimant did not provide sufficient information to Goodman regarding several aspects of the onset history and other relevant details. Both medical opinions were further discredited on the basis that claimant did not inform either physician of his pickleball activities.
The Board's conclusions, however, are inconsistent with the record and overlook the fact that Avella and Goodman filed addendums to their medical opinions based upon the hearing testimony regarding claimant's job duties and pickleball activities. In those addendums, both Avella and Goodman confirmed their previous medical opinions that claimant's carpal tunnel injuries were causally-related to his employment duties. To that end, claimant testified about his varying job duties during his approximately 6½-hour workday that included, in addition to office work of entering data on a keyboard and driving to customer's homes for collections, repeated use of his hands and wrists in the use of various tools to open and close meters and shoot water valves with keys, which activities could involve gripping, twisting and squeezing those tools. This testimony regarding the aspects and duties of his job was consistent with and corroborated by the testimony from the SIE's manager.
As for claimant reporting the pain and tingling in his hands and wrists, the record reflects that claimant consistently reported to Avella, and which he confirmed during his testimony, that such symptoms came and went for short periods of time and progressively worsened for two years prior to his retirement. Although claimant did not report such symptoms during medical treatment for a previously-established workers' compensation claim prior to or after his retirement, that workers' compensation claim was established for bilateral shoulder and elbow injuries, and there is no indication in the record that the shoulder and elbow injuries were related to the carpal tunnel diagnosis. Moreover, the record establishes that Avella and Goodman were aware of those prior injuries when rendering their medical opinions as to causality. As for pickleball, contrary to the Board's finding, Avella and Goodman were aware of claimant's pickleball playing when confirming through the submission of the addendums [*3]that claimant's carpal tunnel syndrome was causally-related to his work duties.
In determining that no causal relationship existed, the Board appears to have misread or not considered the uncontroverted medical addendums of Avella and Goodman confirming their opinions as to causation, which were issued after being advised of claimant's job duties and pickleball activities as testified to at the hearing. Although the Board may disregard medical opinions as incredible or insufficient, it is not free to misread the record and fashion its own medical opinion (see Matter of Page v Liberty Cent. Sch. Dist., 188 AD3d 1373, 1377 [3d Dept 2020]; Matter of Gullo v Wireless Northeast, 160 AD3d 1106, 1107-1108 [3d Dept 2018]; Matter of Lovegrove v Regional Food Bank of Northeastern NY, 148 AD3d at 1435-1436). As the Board's decision is not supported by substantial evidence, it must be reversed.
Clark, J.P., Lynch, Powers and Mackey, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.