Matter of Turner v New York State Dept. of Corr. & Community Supervision (2020 NY Slip Op 05561)





Matter of Turner v New York State Dept. of Corr. & Community Supervision


2020 NY Slip Op 05561


Decided on October 8, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 8, 2020

530186

[*1]In the Matter of the Claim of Holly Turner, Appellant,
v
New York State Department of Corrections and Community Supervision et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 16, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


Kirk & Teff, LLP, Kingston (Ralph M. Kirk of counsel), for appellant.
Tanisha S. Edwards, State Insurance Fund, Albany (Bess Sokaris of counsel), for New York State Department of Corrections and Community Supervision and another, respondents.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed April 5, 2019, which ruled, among other things, that decedent's death was not causally related to his employment and denied claimant's claim for workers' compensation death benefits.
Claimant's husband (hereinafter decedent), a former correction officer, last worked for the employer in 2004 and was classified with a permanent partial disability in 2007. Decedent died in 2016, and claimant thereafter filed a claim for workers' compensation death benefits, contending that decedent's post-disablement, sedentary lifestyle and resulting weight gain were factors contributing to his death. Following a hearing and a deposition of Anuj Sharma, decedent's pain management specialist, a Workers' Compensation Law Judge denied the controverted claim, finding insufficient evidence of a
causally-related death. The Workers' Compensation Board upheld that decision, and this appeal by claimant ensued.
We affirm. Preliminarily, we reject claimant's assertion that the Board erred in failing to apply the presumption set forth in Workers' Compensation Law § 21 (1). Although a presumption of compensability arises when an unwitnessed or unexplained death occurs during the course of one's employment (see Matter of Kaplan v New York City Tr. Auth., 178 AD3d 1262, 1263 [2019]; Matter of Velano v Kingston Block & Masonry Supply, LLC, 173 AD3d 1517, 1518 [2019], lv denied 34 NY3d 909 [2020]), decedent's death occurred years after his employment as a correction officer had ceased and was neither unwitnessed nor unexplained; decedent died in a local hospital after emergency medical personnel were called to his home for reports of a gastrointestinal bleed, and the death certificate lists the cause of death as hypertensive heart disease. Under these circumstances, the presumption is inapplicable. Even if it had applied, the presumption would have been effectively rebutted by the death certificate and the records of decedent's primary care physician, the latter of which revealed that decedent, who was morbidly obese and a smoker, suffered from chronic hypertension (see e.g. Matter of Velano v Kingston Block & Masonry Supply, LLC, 173 AD3d at 1518; Matter of Schwartz v Hebrew Academy of Five Towns, 39 AD3d 1134, 1135 [2007], lv denied 9 NY3d 807 [2007]).
Absent the statutory presumption, "claimant bore the burden of establishing — by competent medical evidence — that a causal connection existed between decedent's death and his employment" (Matter of Bordonaro v Genesee County Sheriff's Off., 148 AD3d 1507, 1508 [2017] [internal quotation marks and citation omitted]; cf. Matter of Issayou v Issayuou Inc., 174 AD3d 1277, 1277-1278 [2019], lv denied 34 NY3d 909 [2020]). To that end, claimant relied upon a statement prepared by counsel and completed by Sharma, who treated decedent for approximately five years prior to decedent's death. After recounting decedent's increased pain, weight gain and unstable hypertension, Sharma opined that it was more likely than not that decedent's "pain, spasm and sleep interruption" were causally related to his prior established work injuries and that such conditions, in turn, more than likely contributed to decedent's "sedentary lifestyle with increased weight and unstable blood pressure." Sharma also was of the view that the "causally[-]related increased pain, spasm, sleep interruption, and sedentary lifestyle, increased weight and unstable blood pressure" were likely contributing factors to decedent's demise.[FN1]
Sharma conceded at his deposition, however, that he did not review any of the medical records maintained by decedent's treating physician prior to rendering his opinion as to a causal relationship between decedent's death and his previous employment. Those records, Sharma acknowledged, disclosed a history of smoking and chronic hypertension, together with some evidence that decedent was noncompliant with his treatment regimen — all of which, Sharma confirmed, would be contributing factors to the cardiac arrest ultimately suffered by decedent. Sharma similarly acknowledged that he did not review decedent's hospital records, that he was unaware of the circumstances giving rise to decedent's transport to the hospital and admission thereto and that a review of decedent's medical records would have enabled him to render a more informed opinion as to causal relationship. Under these circumstances, the Board's decision, wherein it concluded that Sharma's opinion was insufficient to support a finding of a causally-related death, is supported by substantial evidence and, as such, will not be disturbed. Claimant's remaining arguments, to the extent not expressly addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr., Lynch and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The employer and its workers' compensation carrier were precluded from offering medical evidence in this regard due to their failure to file their independent medical evaluation in a timely fashion. As a result, the focus was on the sufficiency of the medical proof tendered by claimant.