Matter of Herris v United Parcel Serv., Inc. (2021 NY Slip Op 04519)





Matter of Herris v United Parcel Serv., Inc.


2021 NY Slip Op 04519


Decided on July 22, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 22, 2021

531690
[*1]In the Matter of the Claim of Rodney Gerald Herris Jr., Appellant,
v
United Parcel Service, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:June 2, 2021

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for United Parcel Service, Inc. and another, respondents.



Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed January 10, 2020, which disallowed claimant's claim for workers' compensation death benefits.
Claimant's wife (hereinafter decedent) had coronary artery disease that led to a heart attack in 2002, and her failure to heal properly from the ensuing coronary bypass surgery required additional surgeries to repair her sternum and chest wall. She sought and obtained workers' compensation benefits after a 2006 incident in which she reinjured her chest while lifting a package at work. Decedent underwent a string of surgeries to address that injury and problems involving her shoulder, knee and back that related back to it in varying ways, developed consequential depression, and was eventually classified with a permanent partial disability. She collapsed at home and died in July 2014, after which claimant filed this claim for workers' compensation death benefits. A Workers' Compensation Law Judge disallowed the claim, finding that decedent's death was not causally related to her employment. The Workers' Compensation Board affirmed, and claimant appeals.
We affirm. Claimant was not required to show that decedent's work-related illness was the sole or most direct cause of her death, but he did bear "the burden of establishing — by competent medical evidence — that a causal connection existed between decedent's death and [her] employment" (Matter of Bailey v Binghamton Precast & Supply Corp., 103 AD3d 992, 994 [2013]; see Matter of Turner v New York State Dept. of Corr. & Community Supervision, 187 AD3d 1301, 1302 [2020]; Matter of Pickerd v Paragon Envtl. Constr., Inc., 161 AD3d 1470, 1471 [2018]). Claimant indicated that decedent died after a night of heavy drinking and that a narcotics overdose was suspected, but no autopsy was performed and her death certificate did not list a cause of death. Claimant instead relied upon the report of a physician who, after reviewing decedent's medical records and speaking to claimant about decedent's lifestyle, opined that decedent's compensable injuries had led to pain and "significant emotional trauma" that, in turn, caused substance abuse issues that contributed to her death. The Board rejected that opinion as unsupported and speculative, however, noting that the physician had not treated decedent and that his opinion relied upon a description of decedent's pain and substance abuse issues from claimant that was far from thorough (see e.g. Matter of Ayala v DRE Maintenance Corp., 238 AD2d 674, 675 [1997], affd 90 NY2d 914 [1997]). The Board instead credited the report and testimony of a physician who conducted an independent medical examination at the behest of the employer and its workers' compensation carrier and concluded that, although decedent's death might have been connected to substance abuse issues arising out of her compensable injuries, it could have also been "solely related to [her] underlying coronary artery disease" and that the [*2]medical evidence simply did not permit a finding one way or the other. According deference to that assessment of credibility — which was not, contrary to claimant's assertions, based upon any mischaracterization of the facts or the law — we find that substantial evidence supports the Board's determination that claimant did not show the requisite causal link between decedent's work-related injuries and her death (see Matter of Turner v New York State Dept. of Corr. & Community Supervision, 187 AD3d at 1302-1303; Matter of Bordonaro v Genesee County Sheriff's Off., 148 AD3d 1507, 1508-1509 [2017]).
Lynch, J.P., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.