Matter of Song v City of N.Y. Dept. of Bldgs. (2024 NY Slip Op 05610)

Matter of Song v City of N.Y. Dept. of Bldgs.

2024 NY Slip Op 05610

Decided on November 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 14, 2024

CV-23-1061
[*1]In the Matter of the Claim of Seosi Song, Appellant,
v
City of New York Department of Buildings et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 9, 2024

Before:Garry, P.J., Reynolds Fitzgerald, Fisher, McShan and Powers, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey Schotter of counsel), for appellant.

Fisher, J.
Appeal from a decision of the Workers' Compensation Board, filed May 15, 2023, which ruled that claimant did not sustain a causally-related occupational disease or accidental injury and denied her claim for workers' compensation benefits.
Claimant worked as an assistant plan examiner reviewing, among other things, construction documents, such as blueprints and design plans, and began working from home in April 2020 as a result of the COVID-19 pandemic. In July 2021, claimant stopped working, informing the employer that she was experiencing health complications while working. Claimant subsequently filed a claim for workers' compensation benefits alleging that, on September 13, 2021, she sustained physical injuries, including to her back, right knee and right wrist, as well as certain psychological injuries, all due to working unusually prolonged hours from home in a static position at her desk. Following the submission of medical reports and a hearing, at which only claimant testified, a Workers' Compensation Law Judge disallowed the claim, finding that claimant did not meet her burden of establishing that the alleged physical and psychological injuries were either an occupational disease or accidental injuries that developed over time. Upon administrative review, the Workers' Compensation Board affirmed. Claimant appeals.
We affirm. Initially, to the extent that claimant challenges the Board's finding that she "conceded" she did not work a straight 12-hour day, the record reflects that claimant testified that once she began working from home her work hours increased to an 8-to-12-hour workday and that a 12-hour workday was normal. This is consistent with her medical records, which further indicated that she reported working between 12 and 14 hours each workday. Even assuming that the Board inappropriately characterized her testimony as a concession, it would not remedy the other insufficiencies in the medical evidence in the record before us.
To that end, "[t]o be entitled to workers' compensation benefits for an occupational disease, a claimant must establish a recognizable link between his or her condition and a distinctive feature of his or her occupation through the submission of competent medical evidence" (Matter of Sanchez v New York City Tr. Auth., 206 AD3d 1428, 1429 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of DeWolf v Wayne County, 228 AD3d 1218, 1218 [3d Dept 2024]). "To establish an accidental work-related condition that developed over time, rather than from a sudden event, [a] claimant [is] required to demonstrate by competent medical evidence that his or her condition resulted from unusual environmental conditions or events assignable to something extraordinary" (Matter of Cappelletti v Marcellus Cent. Sch. Dist., 125 AD3d 1082, 1082 [3d Dept 2015] [internal quotation marks, brackets and citations omitted]; accord Matter of Connolly v Covanta Energy Corp., 172 AD3d 1839, 1841 [3d Dept 2019]).[*2]
Further, in order for a claimant to meet his or her burden of establishing a causal relationship between his or her employment and the alleged disability, competent medical evidence on the issue of causation must be presented that signifies "a probability as to the underlying cause of the claimant's injury which is supported by a rational basis" (Matter of Norton v North Syracuse Cent. School Dist., 59 AD3d 890, 891 [3d Dept 2009] [internal quotation marks and citations omitted]). Although "the Board can certainly rely upon a medical opinion as to causation even if it is not absolute or certain, it is also free to disregard the medical evidence that it finds unconvincing" — including an opinion that is unsupported and speculative (Matter of Donato v Taconic Corr. Facility, 143 AD3d 1028, 1030 [3d Dept 2016] [internal citation omitted]; see Matter of Bordonaro v Genesee County Sheriff's Off., 148 AD3d 1507, 1508-1509 [3d Dept 2017]; see e.g. Matter of Turner v New York State Dept. of Corr. & Community Supervision, 187 AD3d 1301, 1302-1303 [3d Dept 2020]).
Claimant testified at the hearing that, after she began working from home, she started to develop back pain, along with anxiety and depression as a result of working prolonged hours in a static position reviewing building plans from a 14-inch computer monitor while being under shortened deadlines and an increased work load due to a reduction in staff. Although claimant stopped working in July 2021, she initially sought medical treatment on September 13, 2021 for mental health and breathing issues,[FN1] reporting that she was "burned out" at work and functioning like two to three people. It was not until February 2022, approximately six months after she stopped working, when claimant first sought medical treatment for her physical injuries to her back and knees, which treatment eventually included treatment for her wrist pain. Claimant testified at the hearing about her working conditions at home which she credits with causing her physical and psychological injuries; however, as noted by the Board, the medical records do not reflect that the treating physicians addressed or were aware of the change in claimant's working conditions, including the nature and manner of her work, when such changes began or the duration of time that she spent working each day (see Matter of Yanas v Bimbo Bakeries, 134 AD3d 1321, 1321 [3d Dept 2015]). In other words, the general medical conclusion that claimant's physical injuries were causally-related to working from home were not supported by a recognizable link between claimant's physical injuries and a distinctive feature of her work in order to establish an occupational disease (see Matter of Hill-Holley v Kings County Hosp., 227 AD3d 1327, 1328 [3d Dept 2024]; Matter of Barker v New York City Police Dept., 176 AD3d 1271, 1272 [3d Dept 2019], lv denied 35 NY3d 902 [2020]), nor did the medical evidence make the requisite showing that her physical injuries were caused [*3]by "unusual environmental conditions or events assignable to something extraordinary" in order to establish an accident developing over time (Matter of Barker v New York City Police Dept., 176 AD3d at 1273). In view of the foregoing, substantial evidence supports the Board's finding that the medical evidence was insufficient to establish the claim for physical injuries.
Turning to claimant's challenge to the denial of her claim for psychological injuries, she contends that the Board erred in rejecting the opinion of her treating psychologist based upon the reference in the medical report to a specified date of an accident, since the date of accident is irrelevant given that she is alleging that her injuries developed over time. However, the psychologist opined that claimant's work-related psychological injuries were consequential to an accident on September 13, 2021. As noted above, no accident — or, for that matter, occupational disease — was established by sufficient medical evidence and, as such, there could be no consequential psychological injuries. Accordingly, the Board was free to disregard medical evidence that it found unconvincing, unsupported and speculative — and we see no error in its decision to do so here relating to the claim for psychological injuries (see Matter of Turner v New York State Dept. of Corr. & Community Supervision, 187 AD3d at 1302-1303; Matter of Bordonaro v Genesee County Sheriff's Off., 148 AD3d at 1508-1509). We have reviewed claimant's remaining contentions, including that the Board's finding is inconsistent with prior precedents, and find them to be without merit.
Garry, P.J., Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: During the hearing, claimant affirmed that she was not claiming any injury pertaining to her breathing issues.